## SUPREME COURT.

THE PEOPLE ex rel. WILLIAMS agt. HULBURT, County Judge of Cayuga County.

In proceedings supplementary to execution under §292, of the Code, a county judge has no authority or jurisdiction to issue an order, for the defendant to answer, &c. until after an execution has been issued *against his property.* And this fact, and all others upon which jurisdiction rests, must be shown affirmatively; they are not to be deduced by inference or presumption.

Where the creditor claims the application of a demand or debt due to the debtor from a third person, and such demand or debt is denied, the judge can not proceed and try such disputed question of fact; he is only authorized to issue an order forbidding the transfer or other disposition of the claim, until a sufficient opportunity is given to the receiver to commence an action (§ 299).

A receiver may be appointed in such case, without any reference to the return of the execution.

The judge has no authority to order an assignment from the debtor to the receiver. Nor is an assignment necessary, as the title and authority for such purposes to rights and property of this description vests in the receiver immediately upon his appointment. (*See Porter agt. Williams and Clark ante page* 441.) In relation to real estate, an assignment is necessary to transfer the title to the receiver. And it seems that the *Supreme Court* has power, without any statutory provision. to order such an assignment.

A demand of the kind mentioned in this case, can not be levied upon and sold under an execution against the debtor.

A judge has no power to adjourn these proceedings from time to time, without the consent of the party against whom the proceeding is had.

*Seventh Judicial District, General Term, June* 1851. *Present,* WELLES, TAYLOR and JOHNSON, *Justices.* The facts will sufficiently appear in the opinion of the court.

WARREN T. WORDEN, *for Relator.*

J. PORTER, *for Respondent.*

By the Court, JOHNSON, Justice.—This was a proceeding supplementary to the execution upon a judgment in favor of Friend Humphrey and Robert Thompson, against the relator, before the county judge of Cayuga county, under § 292 of the Code.

The affidavit upon which the judge issued his order set out, among other things, that Alonzo G. Beardsley, as attorney for the plaintiffs, on the 27th of May 1850, issued to the sheriff of

The People ex rel. Williams agt. Hulburt.

Cayuga county *an execution upon the said judgment,* which was delivered to the sheriff on the 28th day of said month of May. It further stated that the defendant in the judgment was then a resident of said county, and that the sheriff called upon him and exhibited the execution, and that the "defendant informed the said sheriff in substance that he had nothing upon which he could levy the execution."

It is objected on the part of the relator that enough does not appear upon the face of the affidavits to give the county judge jurisdiction to issue the order.

No authority is given to the party to apply for this order, or to the judge to issue it until after an execution has been issued *against the property* of the defendant.

Three kinds of executions are provided for by the Code. One against the property of the debtor, another against his person, and a third for the delivery of the possession of real or personal property.

The affidavits presented to the judge do not show what kind of an execution was issued upon this judgment.

If we were at liberty to indulge in presumptions in such a case, it might perhaps be inferred from what took place between the sheriff and the defendant in the execution, when the latter was called upon, and the execution exhibited, that it was an execution against his property.

But this will not do where the jurisdiction of an inferior officer to act in the first instance is drawn in question.

In all such cases the facts upon which jurisdiction rests must be shown affirmatively, and are not to be deduced by inference or presumption.

Nothing is to be presumed in favor of the jurisdiction of inferior officers and tribunals. This is too well settled, in this state at least, to require illustration or the citation of authorities in its support.

The affidavits here do not even disclose the nature of the claim on which the judgment was founded. But if they did we would not even presume that the party issued the proper execution.

The fact is to be established by a direct and affirmative allegation in order to give jurisdiction to the inferior officer.

I think it is clear, therefore, that the county judge in this instance acquired no jurisdiction to issue the order and proceed to the examination upon these affidavits.

The claim which the judgment creditors sought to have applied in satisfaction of their judgment, was one which they alleged existed in favor of the relator against two firms in Auburn, for services rendered by him in their employ, and which they claimed Mrs. Watson, a daughter of the relator, had become liable to pay.

They sought to charge Mrs. Watson with the demand, and not the firms, and to obtain satisfaction from her. Both she and the relator denied the existence of any such demand or liability against her. The judge proceeded nevertheless to try this disputed question of fact and examined the relator, Mrs. Watson and other witnesses, and various documents and papers, as to the nature and origin of the claim and its alleged payment; and thereupon, as appears from his order or decree " adjudged and decided" that Mrs. Watson was the debtor of the relator, and that the amount of such indebtedness remaining unpaid should be applied in satisfaction of the judgment. All this part of the proceeding was wholly unauthorized and void.

The judge had no right whatever to try this disputed claim in this way, or to make any determination of any kind in regard to it. By § 299 of the Code, if the person alleged to be indebted to the judgment debtor denies the debt, the judge is authorized by an order to forbid a transfer or other disposition of it till a sufficient opportunity be given to the receiver to commence the action and prosecute the same to judgment and execution. This section expressly provides that such interest or debt shall be recovered *only* in an action by the receiver.

If the application of property which the judge is authorized to order by § 297 was intended to extend to debts due the judgment debtor, it must be construed to mean only debts or demands about which there is no dispute, as § 299 prescribes the only mode in which disputed claims are to be collected.

The People, ex rel. Williams agt. Hulburt.

It is contended on the part of the relator that the judge has no authority to appoint a receiver in any case until after the return of an execution. That by § 298 the judge is to appoint " in the same manner" as if the appointment was made by the court according to § 244, and by § 244 the court could only appoint receivers according to the then existing practice, which required an execution to be returned in cases of this kind before a creditor's bill could be filed.

This is a proceeding under the last clause of § 292, where the judgment debtor after execution *issued* against his property, refuses to apply property which he has in satisfaction of the judgment. In such a case I think the design was to authorize the appointment of a receiver without any reference to the return of the execution. This, I think, will be rendered apparent by reference to sections 297, 298 and 299. The appointment " in the same manner," only relates to the mode or form of the appointment, the case or circumstances which authorize it are found in § 292.

The judge also ordered the relator to make an assignment to the receiver appointed by him, and it is objected that the Code gives no authority, neither to the court nor to a judge to order an assignment.

The Code, it will be seen, makes no provision for an assignment, and consequently the judge had no authority to order it. An assignment, however, in a proceeding of this kind is probably wholly unnecessary in order to vest the necessary title in the receiver to enable him to prosecute demands and collect moneys due. I apprehend that the necessary title and authority for such purposes to rights and property of this description, vest in the receiver immediately upon his appointment, as an incident to the office without any formal assignment (*Rule* 81; *Chancery Rules* 192; *Edwards on Receivers*, 83, 354). In regard to real estate it is different. There an assignment under seal would be necessary to transfer the title to the realty to the receiver. Though perhaps he might collect rents and profits without any assignment.

Doubtless the Supreme Court, by virtue of its original and in-

57

herent power and authority, and especially since the accession of equity powers and jurisdiction, may order and compel an assignment without any statutory provisions. Inferior officers and tribunals must, however, show a warrant in the statute for every step they take affecting the rights of parties before them, or the proceeding will be unauthorized and void. This difficulty is in no wise removed or avoided by the liberal rule of interpretation provided for by § 467.

The relator's counsel insists that as by § 463 personal property is made to mean and include demands of this description, and by § 298 whenever an execution is issued against the property of the debtor, it is made the duty of the sheriff first to satisfy the judgment out of the personal property, the demand in question should have been levied upon and sold; and that this proceeding is wholly unnecessary.

I apprehend that § 291 still restricts the operation of executions and the levy and sale under them to their former well understood and clearly defined limits notwithstanding the apparent confusion created by the absurd attempt to define and explain every thing "in such a manner as to enable a person of common understanding to know what is intended."

It is also contended that as the code makes no provision as to the time or manner of serving these orders, the court can not say whether any, and if any, what particular mode of service is the proper one, and consequently can not hold any service to be good. The service of the order in this case was personal, and we think that must be regarded as a good service.

Another objection is that the judge adjourned the proceedings before him from time to time, and that the code gives no right or authority to adjourn. Had the judge acquired jurisdiction in this case in the first instance, I think no advantage could have been taken here of the power exercised in adjourning, as all the adjournments appear to have been by the consent and agreement of the parties. Where no consent is given by the party against whom the proceeding is had, the judge in such cases has no more power to adjourn the proceedings than a justice of the peace would

have to adjourn a cause before him without the authority of the statute.

The details of the code in that portion relating to proceedings of this character, are exceedingly loose and imperfect, and it is to be feared that great if not insurmountable difficulties will be experienced on that account in attempting to make the important and salutary general provisions available before county judges and justices at Chambers.

Lord Coke in his day complained of " acts of parliament overladen with provisoes and additions and many times on a sudden penned or corrected by men of none or very little judgment in law." And he adds: "If acts of parliament were after the old fashion penned, and by such only as perfectly knew what the common law was before the making of any act of parliament concerning that matter, as also how far former statutes had provided remedy for former mischiefs and defects discovered by experience; there should very few questions in law arise, and the learned should not so often and so much perplex their heads to make atonement and peace between insensible and disagreeing words, sentences and provisoes as they now do."

I think these reflections of Lord Coke may be very properly commended to the legislators of the present day.

All the orders and proceedings of the county judge were unauthorized and void, and must be set aside.