# AMMIDON a. WOLCOTT.

*Supreme Court, First District ; General Term, Nov.,* 1860.

ORDERS IN SUPPLEMENTARY PROCEEDINGS.—ADJOURNMENTS, AND
THEIR EFFECT ON PROCEEDINGS FOR CONTEMPT.—WAIVER.—
FORMER ADJUDICATION OF QUESTION ON A MOTION.

The objection that an order, for the examination of a judgment-debtor in supple-
mentary proceedings, was made returnable before one of the justices of the court,
instead of before the judge making the order,* is waived by neglecting to take it
upon the return-day, and acquiescing, without appeal, in an order denying the
motion to set aside the proceedings.

A debtor, ordered to appear and be examined supplementary to judgment, ap-
peared, but the examination was suspended by reason of his moving to vacate
the proceedings for irregularity. He was also present on the hearing of that
motion, and on its being denied, the examination was adjourned by the judge
to a subsequent day, of which notice was given only to the debtor's attorney.
As he did not appear on the adjourned day, the plaintiff obtained a new order,
requiring him to appear at a further day, which order was served personally.

*Held,* that this was sufficient to found proceedings to punish him for contempt.
1. Upon the denial of the defendant's motion to vacate proceedings, his exam-
ination might have been proceeded with forthwith, but the judge had power to
adjourn it to a subsequent day. 2. Even if service of the order of adjournment
ought to have been personal, the defect was cured by obtaining and personally
serving a new order ; and it was not necessary that the new order should be
antedated.†

---

* In HAGGERTY a. ROGERS (*N. Y. Superior Ct., Special Term,* 1862), proceedings
were set aside, by Mr. Justice Robertson, upon this objection being taken. Hatch
a. Weyburn (8 *How. Pr.,* 163) ; Miller a. Rossman (15 *Ib.,* 10 ; 17 *Ib.,* 80), were
cited as authorities.

† In supplementary proceedings against judgment-debtors, in the case of Rey-
nolds a. McElhone (20 *How. Pr.,* 454), an order was made, forbidding them to
dispose of their property. On the day fixed by the order for their appearance for
examination, they appeared at the office of the judge, and after waiting some time,
the office being unoccupied, went away. Within an hour after the appointed time,
the judge appeared at his office, and the plaintiff also appeared, and, in the ab-
sence of the defendants, took an order appointing a referee, and continuing the
injunction. In conformity with this order, the defendants appeared, and submit-
ted to an examination. *Held,* 1. That the original injunction had not become re-
voked nor inoperative, nor had the proceedings been suspended by the circum-
stances ; and if they were, it was waived by the subsequent appearance of the
defendants. 2. That the act of the defendants, in paying over money subsequent
to their attendance at the office of the judge, was a contempt.

In this case, the various steps having been taken before the same judge, as, in reality, parts of one proceeding, the judge had a right, upon the examination of the debtor on interrogatories, to treat as conclusive his determination, in the motion to set aside the proceedings for irregularity, of a question, which in both instances was presented in the same shape.

Appeal from an order of commitment for contempt.

John T. Hodges, the plaintiff, now deceased, recovered judgment in this action against Anson Wolcott, the defendant, on October 13, 1856, for $1163.72. Execution was issued against the defendant as a resident of the city and county of New York and returned unsatisfied.

On December 13, 1859, a supplementary order was granted by Mr. Justice Clerke, returnable before one of the justices of this court, at chambers, on the 23d day of said December, which was served on the 21st day of said December, on the defendant personally. On the 23d day of said December, the defendant did not proceed with the examination, but procured an order to show cause why the supplementary order should not be set aside, returnable before one of the justices, at special term, on the 27th day of the same month, with a stay of plaintiff's proceedings; which motion was heard at special term, before Mr. Justice Leonard, on the 10th day of January, 1860, and denied, and the defendant was required to appear and submit to an examination, under and pursuant to the supplementary order, on the 14th day of January, which last-mentioned order was served, on the 13th day of January, on the defendant's attorney. On the 14th day of January, the defendant (under the advice of his counsel) refused to appear; and, on being called, made default in not appearing, which default was certified by Mr. Justice Leonard.

On the 16th day of January, a further order was made by Mr. Justice Leonard, requiring the defendant to appear and make discovery, under the supplementary order, before one of the justices at chambers, on the 19th day of January; a copy of which orders, together with a copy of the order of January 10th, proof of service, and certificate of default, was served, on the 16th day of January, on the defendant personally and on his attorney. On the 19th day of January, the defendant made default in not appearing and submitting to such examination.

On the same 19th day of January, an order was granted by Mr.
Justice Leonard, upon affidavits and the proceedings, requiring
the defendant to show cause before the said justice, at cham-
bers, on the 21st day of January, why an attachment as for a
contempt should not issue against him; copies of which order,
and of the affidavits and papers annexed, were duly served on
the defendant personally and his attorney.   On the hearing of
said order, an attachment was issued by Mr. Justice Leonard,
returnable before him on the 25th day of January.   On the
service and return of such attachment, interrogatories and an-
swers were ordered, and the further hearing of the matter
adjourned to the 27th day of January, before the same justice.
On the coming in of such interrogatories and answers, the
whole matter was heard before that justice.   On that hearing,
the defendant moved to quash the writ and dismiss the pro-
ceedings on four grounds.   1. That the original order was not
in conformity with the statute.   2. That at the time of the issu-
ing and return of the execution, the defendant was a resident
of the county of Niagara, and not of the city of New York.
3. That the original order being void, the subsequent orders
were so also.   4. That the order of January 16, 1860, was *ex
parte* and without notice, and not in conformity with the stat-
ute. The motion was denied, and the defendant excepted. The
defendant then offered to prove by parol his residence in Niag-
ara, and not in New York, at the time the execution was closed
and returned.   The judge refused to receive the proof, on the
ground that the question had been already decreed in the pre-
ceding proceedings.  The defendant excepted therefrom.  An or-
der was made by the justice on February 4, 1860, adjudging the
defendant guilty of such contempt, and imposing certain fines
and costs, and directing the commitment of the defendant; from
which last-mentioned order the defendant now appealed to the·
general term.   During the pendency of the appeal, John T.
Hodges assigned his claim against the defendant to Holmes
Ammidon and Alonzo H. Evans, and shortly thereafter died.
On May 14th, 1860, by an order made at special term before
Justice Bonney, the assignees were substituted as plaintiffs.

*A. J. Willard*, for the appellant.

*H. L. Clinton*, for the respondents.

By THE COURT.*—HOGEBOOM, J.—Three principal objections are made by the defendant to the order of Justice Leonard, of the 4th of February, 1860, adjudging him to be in contempt.

1. That the order for the examination of the party was returnable before one of the justices of this court, instead of the judge making the order. This question is disposed of upon authority. It is held to be untenable. (*Code*, §§ 27, 292; Dresser *a.* Van Pelt, 15 *How. Pr.*, 19; Bank of Genesee *a.* Spencer, *Ib.*, 412.) The defendant having neglected to object to the order on that account, on the return-day thereof, and having subsequently moved to vacate the plaintiff's proceedings for irregularity, which motion was denied, and the order thereon being unappealed from, he must be deemed to have waived the objection or acquiesced in the decision against him. (Viburt *a.* Frost, 3 *Abbotts' Pr.*, 119.)

2. It is objected that the proceedings have not been regularly continued, from the granting of the first order down to the order adjudging the party in contempt, and therefore that the latter order has not a solid foundation upon which to rest. The facts appear to be these. The order for the examination of the debtor was returnable on the 23d of December, 1859. Instead of submitting to an examination, he appeared on that day and obtained an order to show cause why the proceedings should not be set aside and vacated; and, among other reasons, for the reason that he was not a resident of the city and county of New York. This motion was heard, and was denied, on the 10th of January, 1860, and the defendant further ordered to appear on the 14th of January. This order was served only on defendant's attorney, and the defendant failed to appear. His default was certified by the judge, and on the 16th of January, the same judge made a further order for his appearance on the 19th of said month, which order was personally served on the defendant, and he failed to appear. On the return-day of that order, the same judge made a further order on the defendant to show cause, on the 21st of January, why an attachment should not be issued. No cause having been shown, an attachment was issued on the last-mentioned day; since which time it is not claimed that there has been any *hiatus* in the proceedings. I

---

* Present SUTHERLAND, BONNEY, and HOGEBOOM, JJ.

am of the opinion that the proceedings before Judge Leonard were sufficiently continuous to justify the final order. The defendant was in court on the return-day of the first order, and his examination was suspended by his own consent and in consequence of his own action. He was also in court on the motion to set aside the proceedings; and that motion having been denied, he could have been forthwith examined. His examination was adjourned to a subsequent day, which the judge had a right to do. That order was served on his attorney, and the defendant made default. That service was probably sufficient; but if not so, the defect was cured by the service of the order of the 16th of January. It was not important that this latter order should bear date on the return-day of the preceding one. It was, in fact, founded upon it and substantially recited it, and was issued in consequence of the default of the defendant to appear on the previous order, which default was certified by the judge.

3. The remaining objection, and that on which the defendant principally relies, is, that on being brought up on attachment for the contempt, he did, in addition to the answers to the interrogatories filed for the purpose of proving the contempt, offer to show that at the time the execution was issued and returned, he did not reside in the city and county of New York. The judge rejected the evidence, on the ground that the question had been already adjudicated by him on the motion to set aside the proceedings. I think the decision of the judge was correct, upon the ground on which it was placed by him. It will be recollected that it was the same judge who conducted all the proceedings subsequent to the first order, and the order to show cause why the proceedings should not be vacated. It could not be either necessary or proper for him to re-examine this question at every step of the proceedings. He had decided the question upon affidavits, in the very shape in which the defendants chose to present it, and the motion could not, with propriety, have been renewed. It is said that the order denying the motion was appealed from. If so, and not yet heard upon appeal, the defendant should have procured a stay upon the proceedings supplementary to execution, until that question was decided. It is not to be presumed that, in a proper case, such a stay would not have been granted. I think, for the

purposes of this case, the question of residence—decided upon the motion—must be considered in the same light as if the evidence had been introduced on an oral examination before the judge, on inquiring into the contempt. The various steps before taken were all parts of one proceeding, having one common object—to wit, the discovery and application of the defendant's property to the payment of the plaintiff's debt; that the question of jurisdiction had, for all the purposes of that proceeding, been deliberately settled upon a full hearing of the parties, and that it was not open for further examination, upon a mere collateral issue as to the point whether the party was guilty of a contempt. Judge Clerke granted the original order upon an affidavit. conferring jurisdiction; and if that question was open to contestation afterwards, it had been re-examined and decided by Judge Leonard himself. This is not the case of a trial in court upon issues joined, but an inquiry made by the judge, in a summary way, to ascertain, to his satisfaction, whether the defendant had violated his order.

The order appealed from must be affirmed, with ten dollars costs.