J. F. Daly, J.
There was no proceeding pending in which the witness Billings could be required to appear and be examined as a witness. The original order or proceeding supplementary to the execution for the examination of the judgment debtor was not pending. It had terminated by failure to adjourn or extend it after his examination had been taken and sworn to *343 by him. The judgment debtor was out of court, and the proceedings were equally so.
The second order requiring the judgment debtor to appear and be examined was never served upon him, and he was not in court without such service. There can be no proceeding before the court for the examination of a judgment debtor, where he has not been brought in by personal service, or where, after such service, and after the return day, no continuation-is had by adjournment. If the judgment debtor cannot, under such circumstances, be examined, a witness cannot be, for it is “on an examination,” under section 292, that the witnesses may be examined by either party. The examination of the witness must be had at a time and place of which the judgment debtor has notice. It must be the “time and place specified” in the order for examination of the judgment debtor, or such time and place as the examination is duly adjourned to. This is necessary to protect the judgment' debtor’s rights in the due and orderly administration of justice.
The judgment debtor here had no notice of the time and place of the examination of the witness Billings, and no notice that any such examination was to be had. He was suffered to depart after his examination under the original order, and no adjournment was had nor further notice of proceedings for examination given to him. He was never served with the second order. To terminate the first proceeding no express order was necessary (Squire v. Young, 1 Bosw., 690). Jurisdiction is lost, unless the proceedings are continued by adjournment (Ammidon v. Wolcott, 15 Abb. Pr., 314 ; Howes v. Barr, 7 Robt., 453).
Motion denied.