LEANDER W. KAUFMAN AND JOHN A. FELSINGER, RESPONDENTS, v. JOHN THRASHER, APPELLANT.

*Supplementary proceedings — power of referee to adjourn proceedings.*

A judge or referee in supplementary proceedings is vested with the same power of adjournment that a master in chancery had when acting under an order for the examination of a debtor in a creditor's suit, and he may adjourn the proceedings from time to time, even though the debtor to be examined refuses to consent thereto.

*The People ex rel. Williams* v. *Hurlbut* (5 How., 446) criticised.

APPEAL from two orders in proceedings supplementary to execution in this action, granted by the special county judge of Monroe, county directing the defendant and a witness to appear before a referee for re-examination.

On the 17th of June, 1876, upon an affidavit showing the return of an execution, unsatisfied, issued upon a judgment in the Monroe County Court, in favor of the plaintiffs against the defendant herein, the special county judge granted an order in the usual form for the examination of the defendant before a referee, Mr. Sullivan, under section 292 of the Code. On the return day of the order the defendant appeared before the referee with his attorney, Mr. Noyes,

and refused to be examined on the ground that other supplementary proceedings were pending against him, requiring him to appear at the same hour before the referee therein, who was his said attorney, Mr. Noyes; and thereupon the defendant and his attorney left the room, contrary to the direction of the referee. On the report of the referee showing these facts, and affidavits alleging that the proceedings pending before Mr. Noyes, as referee, were fraudulent and collusive on the part of the defendant, an order to show cause, etc., for contempt was granted by the special county judge, and on the return day thereof the judge made a verbal order requiring the defendant to appear before another referee, Mr. Baker, and be examined, together with any witness that might be called, concerning his property, etc., and also concerning the fraud alleged in the affidavits. The defendant appeared and was examined before the referee named in the last-mentioned order on the twenty-seventh and twenty-ninth of June, and in the course of the examination refused to answer certain questions, although directed to answer them by the referee.

The questions were these: The witness having testified that his wife had a deed of the place on which he lived, and that she advanced to him money she got from her mother, he was asked: "State, if you know, how much money your wife received from her mother?" and "State, if you know, whether your wife has owned the place since you deeded it to her?" The witness declined to answer, on the ground that his wife's property was not under examination in these proceedings." It appeared that his wife had control of the judgment against him, on which the supplementary proceedings were instituted in which Mr. Noyes was referee; that Chase & Wilcox were her attorneys therein, and that they had once been his attorneys. The witness was then asked: "How long since Chase & Wilcox ceased to act for you as attorneys, or aid you in any professional way?" "How long has Mr. Noyes acted as your attorney?" "How long have you known Mr. Noyes?" "Have you ever paid Mr. Noyes any money, as your attorney?" It appeared that shortly before the examination the witness confessed judgment to his wife for $1,300, on which nearly all his effects were sold June twenty-sixth. The witness was asked "At whose suggestion did you confess judgment in *Thrasher* v. *Thrasher?*" The witness declined to answer these

several questions, on the ground that they were "foreign to this examination into defendant's property." The proceedings were then adjourned to the thirteenth of July, on the application of plaintiffs, the defendant objecting to any adjournment. In the meantime, Hannah Thrasher, the wife of the defendant, was subpœnaed by the plaintiffs to attend as a witness on said adjourned day. The parties, their attorneys and the witnesses appeared on that day, before the referee. The witness was sworn, but she refused to answer any questions, whatever, on the ground that the referee and the judge had lost jurisdiction of the proceeding, by the adjournment to July thirteenth. The parties, the witness and their respective attorneys then appeared by consent before the special county judge and submitted the matter in controversy to him, upon affidavits and upon the report of the referee showing the proceedings before him as above stated. Thereupon the judge made the orders now appealed from. One of them recited all the proceedings, including the reports of both referees, and required the defendant to appear before the original referee, Mr. Sullivan, for further examination concerning his property. The other recited the proof of service of the subpœna on Mrs. Thrasher, and the report of Mr. Baker, and directed her to appear before the referee, Mr. Sullivan, and testify in said proceedings. The defendant, alone, appeals from each order. The appeal is submitted on printed briefs.

*M. Noyes*, for the appellant.

*Fanning & Williams*, for the respondents.

SMITH, J. :

On behalf of the appellant, it is insisted that the adjournment from June twenty-ninth to July thirteenth was fatal to the jurisdiction of the referee, and also of the judge. That position seems to be advanced upon the theory, so far as can be gathered from the brief submitted to us, that a referee in supplementary proceedings has no power to adjourn without the consent of parties, except from one day to the next. The case of *The People ex rel. Williams* v. *Hulburt* (5 How. Pr., 446 ; S. C., 1 Code R. [N. S.], 75) is cited. In that case it was said, by JOHNSON, J., that where no consent is

given by the party against whom the proceeding is had, the judge has no more power to adjourn than a justice of the peace would have to adjourn a cause before him without the authority of the statute. The remark was a mere *dictum*, as consent was given in that case. If it is a correct exposition of the statute, neither a judge nor a referee has power, in supplementary proceedings, to adjourn even from one day to the next. That construction would produce great inconvenience in most cases, and in many would defeat the remedy intended to be given by the statute. Is not the authority to adjourn fairly to be implied from the statute? The power of a justice of the peace is hardly analogous to that of a judge or referee in supplementary proceedings. A Justice's Court is of limited jurisdiction, having no power except such as is given by statute. The proceeding supplementary to execution, though created by statute, is a proceeding in the action in which the judgment was recovered, and is a substitute for the creditor's bill formerly used in chancery. The statute creating the proceeding is not to be strictly construed. (Code, § 467.) Is it not reasonable, therefore, to hold that the judge or referee in supplementary proceedings is intended to be vested with the same power of adjournment that a master in chancery had when acting under an order for the examination of a debtor in a creditor's suit, as a necessary incident to the power of examination? The power of a referee, in this respect, is, undoubtedly, the same as that of a judge when the examination is before him. (§ 296.) Section 292, as amended in 1849, provides that upon proof, to the satisfaction of the judge, that there is danger of the debtor's leaving the State, etc., the judge may issue a warrant, and the debtor, on being brought before the judge, may be examined on oath, and if it then appears there is danger of his leaving the State, etc., he may be ordered to enter into an undertaking * * * that he will, from time to time, attend before the judge as he shall direct, and that he will not, during the pendency of the proceedings, dispose of his property. This seems to imply that the judge may adjourn the examination from time to time, notwithstanding the debtor is restrained during the interval from disposing of his property. In *Ammidon* v. *Wolcott* (15 Abb. Pr., 314) a debtor was ordered to appear before a judge and be examined. He appeared, but the examination was suspended by

reason of his moving to vacate the proceedings for irregularity. He was also present on the hearing of that motion, and on its being denied, the examination was adjourned by the judge to a subsequent day, of which notice was given only to the debtor's attorney. It was held that on denial of the motion the judge had power to adjourn. In *Allen* v. *Starring* (26 How., 57) CAMPBELL, J., was of the opinion that where the parties appeared at the appointed time and place, but the referee was absent, the referee could have appointed another time for the hearing. Of course, the authority to adjourn should not be abused, nor exercised except for good cause shown by affidavit or other proof, unless proof is waived.

But it is entirely clear that if the adjournment was irregular, and the referee and the judge thereby lost jurisdiction, it was competent for the judge, upon a proper application, to grant a new order requiring the debtor to appear, to the end that his examination might be completed and that other witnesses might be examined. That was the precise nature and effect of the orders appealed from. The judge had jurisdiction to make them, all parties having appeared before him voluntarily and submitted the whole matter to his decision. It appeared by the papers submitted that the examination of the debtor had not been completed. That the questions which he had refused to answer were pertinent to the examination respecting his property is too plain to require discussion. And in view of the transactions between the debtor and his wife, as testified to by him, it was apparent that the wife was a material witness, and that to refuse to the creditor an opportunity of examining her would have been a denial of justice. The judge evidently thought it was better to again send the matter to a referee for further examination, than to punish the debtor and his wife for contempt. Of this decision, the latter, certainly, have no right to complain.

The debtor has not the right to appeal from the second order, which directs the witness to appear and be examined. It does not affect the debtor.

· Each order affirmed, with costs.

MULLIN, P. J., and TALCOTT, J., concurred.

Each order affirmed, with ten dollars costs and disbursements in each.