MATTHIAS H. ARNOT, MARIANNA A. OGDEN AND FANNY A. HAVEN, RESPONDENTS, v. SAMUEL F. WRIGHT, APPELLANT.

*Affidavit stating two facts in the alternative alleges neither — proceedings supplementary to execution.*

An affidavit, upon which an application was made for the examination of a judgment-debtor in proceedings supplementary to execution, alleged that an execution against the property of the judgment-debtor had been issued out of a court of record "and delivered to the sheriff of Chemung county, where the said judgment-debtor then resided, and yet resides, or has, at the time of the commencement of these proceedings, an office for the regular transaction of business in person."

*Held*, that the statement in the affidavit was in the alternative, and hence alleged neither one fact nor the other, and was insufficient to justify the granting of an order for the examination of the judgment-debtor.

APPEAL by the defendant, a judgment-debtor in the above-entitled proceedings, from an order granted at a Special Term of the Supreme Court held in the city of Elmira on the 21st day of September, 1889, and entered in the office of the clerk of the county of Chemung on the 24th day of September, 1889, denying the judgment-debtor's motion to set aside an order, in proceedings supplementary to execution, granted by the judge holding said Special Term.

*James Bacon*, for the appellant.

*Frederick Collin*, for the respondents.

MARTIN, J.:

The only question we need consider on this appeal is the sufficiency of the affidavit upon which the order to examine the judgment-debtor was granted.

The Code of Civil Procedure provides that, after the return, unsatisfied, of an execution against property, issued either to the sheriff of the county where (1) the judgment-debtor has at the time of the commencement of the special proceedings a place for the regular transaction of business in person, or (2), where he resides, if then a resident of the State, or (3), if not then a resident of the

State, to the sheriff of the county where the judgment-roll is filed, upon proof of the facts by affidavit, the judgment-creditor is entitled to an order requiring the debtor to be examined. (Code of Civ. Pro., §§ 2435, 2458.) The affidavit in this case was to the effect that an execution against the property of the judgment-debtor was issued out of a court of record "and delivered to the sheriff of Chemung county, where the said judgment-debtor then resided, and yet resides, or has at the time of the commencement of these proceedings an office for the regular transaction of business in person."

The claimed defect in this affidavit is, that it neither shows that the execution was issued to the sheriff of a county where the debtor had a place for the regular transaction of business in person, nor that it was issued to the sheriff of the county where the debtor resided. The statement in the affidavit was in the alternative, and hence alleged neither one fact nor the other. Such an allegation in an indictment would be bad for, uncertainty. (1 Arch. Crim. Pr. and Pl., 283.) It would also be insufficient in a pleading in a civil action for the same reason. (Moak's Van Santv. Pl., 271.)

The Code of 1848 (§ 249) provided that, "upon an affidavit that any person has property of the judgment-debtor, or is indebted to him, the judge may, by an order, require such person to appear at a specified time and place and be examined concerning the same." In Lee v. Heirberger (1 Code R., 38) an application was made under this section to examine a third person upon an affidavit that the person sought to be examined "has property for the judgment-debtor, or is indebted to him," and the court held that the application could not be granted; that the affidavit was not sufficient; that it should have been positive, either that the person had property of the judgment-debtor or that he was indebted to the judgment-debtor, or that he had property and was indebted to the judgment-debtor, but that it could not be put in the alternative. In Collins v. Beebe (7 N. Y. Suppl., 442), substantially the same question arose, and the General Term of the first department held that an affidavit that a third person "has property of the judgment-debtor exceeding ten dollars in value, or is indebted to the judgment-debtor in a sum exceeding ten dollars," is in the alternative, and alleges neither the one nor the other fact necessary to obtain an order for examination in supplementary proceedings. In Riddle's Supplementary Pro-

ceedings (p. 29, 1st and 2d ed.; p. 94, 3d ed.) it is said: "It will not do to allege residence *or* place of business and non-residence in the alternative; as, for instance, that the debtor resided in the county when the execution was issued, *or* was a non-resident of the State. But residence *and* place of business or non-residence *and* place of business may be jointly alleged."

We are of the opinion, both upon reason and authority, that an affidavit for an order to examine a judgment-debtor should contain a clear statement that the judgment-debtor is a resident of the county to which the execution was issued, if such be the ground upon which the application is made. If he has a place for the transaction of business in person in the county, and the application is upon that ground, that fact should be positively alleged. If he both reside and have such place of business in the county to which the execution was issued, that fact may be properly alleged in the conjunctive, but that a disjunctive statement that the judgment-debtor is a resident of or has a place for the transaction of business in the county is not proper. We think the affidavit upon which the order to examine the appellant was granted was insufficient, and that the Special Term erred in denying the appellant's motion to set such order aside.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

HARDIN, P. J., and MERWIN, J., concurred.

So ordered.