## LEONARD v. BOWMAN et al.

*(Supreme Court, General Term, Fourth Department.   September 8, 1891.)*

EXECUTION—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF THIRD PERSONS—AFFI-
DAVIT.
  An affidavit in support of an application by a judgment creditor for the exami-
  nation of a third person, under Code Civil Proc. N. Y. § 2441,—providing that on
  proof that execution has been issued as prescribed by section 2458, which requires
  such execution to have been issued to the sheriff of the county where the judgment
  debtor has a place for the regular transaction of business in person or where he
  resides, if a resident of the state, and not returned, or returned unsatisfied, and
  that any person "has personal property of the judgment debtor exceeding $10 in
  value, or is indebted to him in a sum exceeding $10," the judgment creditor is en-
  titled to an order for the examination of such person,—stated that execution was
  issued to the sheriff of L. county, where the judgment debtor then resided, and yet
  resides, "or" has an office for the regular transaction of business in person; and
  alleged, on information and belief, that the third person sought to be examined
  had personal property of the judgment debtor exceeding $10 in value, "or" was in-
  debted to him in the sum of $10.   *Held*, that the affidavit was defective in making
  the statements in the alternative, and was insufficient to support supplementary
  proceedings.

Appeal from special term, Oswego county.

Action by Charles P. Leonard against James P. Bowman and Edward J.
Boshart.   Plaintiff obtained an order for the examination of a third person,
in supplemental proceedings, under Code Civil Proc. N. Y. § 2441, which
provides that, upon proof by affidavit or other competent written evidence,
to the satisfaction of the judge, that execution against property has been is-
sued as prescribed by section 2458,[1] and returned wholly or partly unsatis-
fied, or not returned, and also that any person or corporation has personal
property of the judgment debtor, exceeding $10 in value, or is indebted to
him in a sum exceeding $10, the judgment creditor is entitled to an order
for the examination of such person or corporation respecting the debt or
property.   The affidavit upon which the order was granted, among other
things, stated that execution was issued to the sheriff of Lewis county,
"where the judgment debtor then resided, and yet resides, or has at the time
of the commencement of these proceedings an office for the regular transac-
tion of business in person;" and, upon information and belief, that the third
person "has personal property of the judgment debtor exceeding ten dollars in
value, or is indebted to him in such sum of ten dollars."   Defendants claimed
that the affidavit was defective in making the statements in the alternative,
and in failing to state the sources of affiant's information, and the grounds of
his belief as to property or indebtedness, and an order was made at special
term vacating the order for the examination.   Plaintiff appeals.

*Merrell, Ryel & Merrell,* for appellant.   *E. J. Boshart,* for respondents.

WILLIAMS, J.   In *Arnot* v. *Wright,* (Sup.) 9 N. Y. Supp. 15, this court
held that such a statement as to the county to which the execution was issued
was defective, and rendered the affidavit insufficient to support the proceed-
ing.   In *Lee* v. *Heirbeger,* 1 Code Rep. 38, it was held, under a statute sub-
stantially like the present, that such a statement as to property or indebted-
ness was defective, and rendered the affidavit insufficient to support the pro-
ceeding.   The same thing was held by the general term, first department, in
*Collins* v. *Beebe,* (Sup.) 7 N. Y. Supp. 442, a case under the provision of
the Code now in force.   The latter two cases were cited and approved by this
court in *Arnot* v. *Wright,* above cited.   In *Miller* v. *Adams,* 52 N. Y. 409,

[1] Section 2458 provides that the execution required to have been issued must have is-
sued either to the sheriff of the county where the judgment debtor has, at the time of
the commencement of the proceeding, a place for the regular transaction of business
in person, or to the sheriff of the county where he resides, if he is a resident of the
state.

cited by appellant's counsel, the question as to the alternative form of statement was not considered. The question raised was as to the sufficiency of the statement of facts on information and belief. That was an attachment case. In *People* v. *Recorder of Albany*, 6 Hill, 429, also cited, an application was made for a warrant under the non-imprisonment act, and the statement as to property was in the alternative. This statement was held defective because in the alternative, and no reason was shown why the affiant could not be more definite. In *Van Alstyne* v. *Erwine*, 11 N. Y. 331, also cited, an application was made for an attachment. The statements were in the alternative as to departure from the state or keeping concealed therein, and as to intent; and it was held, in an action brought by trustees claiming under the attachment proceeding, that the affidavit was sufficient to confer jurisdiction to grant the attachment and appoint the trustees. That case is clearly distinguishable from the present one, as appears from the following brief extract from the opinion of the court: "The remedy is precisely the same whether the debtor had absconded or was concealed. A case may be so circumstanced that, although it may be conclusively shown that the debtor has left his place of business in order to defraud his creditors by depriving them of their remedies, yet it may be impossible even to conjecture whether he has continued his flight beyond the boundaries of the state, or has resorted to some place of concealment in it. The same considerations apply to the alternative as to the debtor's intent. This affidavit discloses such a case in the present instance. If such an objection is well founded, there could be no proceeding under this statute, in a case thus circumstanced. The debtor would only have so to conduct his evasion as to make it uncertain which course he had adopted, and he would avoid this remedy. I do not think the statute requires such a construction. The case cited by defendant's counsel [6 Hill, above] implies that, where the circumstances are such that it is doubtful in what particular the defendant's conduct has brought him within the statute, the creditor has only to state all the facts, without electing which aspect he will adopt. Precisely that course was adopted here." In that case it appears, in addition to the formal affidavit in which these alternative statements were made, there were other affidavits in which circumstances were disclosed as a basis upon which the formal affidavit was founded. In the case we are considering it does not appear there was uncertainty as to the residence of the judgment debtor, and it could not well be doubtful whether he had in the county an office for the regular transaction of business in person. It does not appear there was uncertainty whether the third person had property or owed a debt to the judgment debtor. These latter statements were made on information and belief. It does not appear what the nature of the information was, or whether it left any doubt or uncertainty upon the mind of the affiant as to which alternative was the true one. We think the affidavit in this case was clearly insufficient to support the supplemental proceeding, and that the order made by the court below was correct, and should be affirmed, with costs and disbursements of appeal. All concur.