Matter of Supplementary Proceedings, WILLIAM W. ZELIE and JOSIAH ZELIE, Judgment Creditors, *v.* JESSE O. VROMAN, Judgment Debtor.

(County Court, Schoharie County, January, 1898.)

Supplementary proceedings — Statement, of the residence of the debtor, in the disjunctive.

An affidavit for an order to examine a third party in supplementary proceedings, which states that an execution upon the judgment was delivered to the sheriff of the county "where the said judgment debtor then resided and where the judgment-roll was filed, then resided and yet resides, or has at the time of the commencement of these proceedings a place for the regular transaction of business," must be deemed to state the residence and place of business of the debtor in the disjunctive, and is insufficient as the defect is jurisdictional; and, therefore, a notice of motion to vacate the order need not point out the defect.

MOTION by a judgment debtor to vacate an order in supplementary proceedings for the examination before a referee of a third person.

E. E. Howe, for judgment creditors.

M. S. Wilcox, for judgment debtor.

LAMONT, J. This is a motion made by the judgment debtor to vacate the order made by me on the 11th day of December, 1897, for the examination before a referee, of a third person, to-wit, one William Vroman, in the above proceeding.

The order is sought to be vacated on the ground that the affidavit upon which the same was obtained is defective, in that, it states the residence and place of business of the judgment debtor, in the *disjunctive.*

These proceedings supplementary to an execution are authorized by chapter 17, title 12, commencing with section 2432 of the Code of Civil Procedure, and section 2458 declares when a judgment creditor is authorized to maintain either of the special proceedings in this article. And among other things, the execution must have been issued out of a court of record and either to the sheriff of the county in which the judgment debtor has at the

commencement of the special proceedings a place for the regular transaction of business in person, or if the judgment debtor is then a resident of the state, to the sheriff of the county where he resides, or  *  *  *  etc.

That part of the affidavit upon which the order was obtained and which the judgment debtor claims is defective under this section of the Code, reads as follows: "That an execution against the property of the said Jesse O. Vroman, judgment debtor, was thereafter and on the 19th day of January, 1897, duly issued out of a court of record, viz., the Supreme Court of Schoharie county, upon said judgment, and delivered to the sheriff of Schoharie county, where the said judgment debtor then resided, and where the judgment-roll was filed, *then resided and yet resides, or has at the time of the commencement of these proceedings a place for the regular transaction of business in person.*"

The attorney for the judgment creditors claims that the foregoing words in italics were printed in the affidavit, and were not intended to be any part thereof, although not erased, and that the allegation in the affidavit, to-wit: "Where the said judgment debtor then resided, and where the judgment-roll was filed," was sufficient to authorize the granting of the order.

I cannot assent to this, because that allegation refers to the residence of the judgment debtor on the 19th day of January, 1897, and as the affidavit was made on the 6th day of December, 1897, this allegation does not show where the judgment debtor resided at the latter date, which is a necessary requirement under section 2458.

Considering this affidavit as it actually appears, with these words in italics as a part thereof, it is clear to me that as it states the residence and place of business of the judgment debtor in the disjunctive, it is fatally defective, and for which the order ought to be vacated.   Arnot v. Wright, 29 N. Y. St. Repr. 425; Collins v. Beebe, 54 Hun, 318-321; Leonard v. Bowman, 40 N. Y. St. Rep. 135.

It is a jurisdictional defect, not a mere irregularity. People ex rel. Williams v. County Judge of Cayuga County, 5 How. Pr. 446; Hinds v. Canadaigua & Niagara R. R. Co., 10 How. Pr. 448.

And, therefore, the notice of motion is not objectionable because it does not point out this defect.   Blake v. Locy, 6 How. Pr. 109.

It is claimed by the judgment creditors, although no proof was furnished to sustain the claim, that the judgment debtor appeared before the referee and made no objection to the sufficiency of the affidavit. My idea is, that whether he did or not, makes no difference. It was a jurisdictional defect, and could not be cured by the appearance and silence of the judgment debtor. Sackett v. Newton, 10 How. Pr. 561.

The judgment debtor, also in aid of his motion, presented three affidavits, two of which are to the effect that at the time of the commencement of these proceedings, the judgment debtor was not a resident of Schoharie county, and had no place for the transaction of business therein. The other affidavit was to the same effect as to the third party, William Vroman.

The matters contained in these affidavits were not controverted. I am of the opinion that said order should be vacated with $10 costs of this motion to the moving party, the judgment debtor.

Order vacated, with $10 costs of this motion to the moving party.