(22 Misc. Rep. 486.)

### ZELIE et al. v. VROMAN.

(Supreme Court, Special Term, Schoharie County. January, 1898.)

1. SUPPLEMENTARY PROCEEDINGS—AFFIDAVIT.

Under Code Civ. Proc. § 2458, an affidavit to obtain an order for examination in supplementary proceedings must show where the judgment debtor resides or his place of business at the date the affidavit is made, and not at the time the execution was issued.

2. SAME—ALLEGATIONS AS TO RESIDENCE.

An affidavit that a judgment debtor "resides or has * * * a place for the regular transaction of business in person," in the county to which the

execution was issued. is in the alternative, and alleges neither the one nor the other fact necessary to obtain an order for examination in supplementary proceedings, under Code Civ. Proc. § 2458.

3. SAME.

The statement of the residence or of the place of business of a judgment debtor in the affidavit to obtain an order for examination in supplementary proceedings is jurisdictional, under Code Civ. Proc. § 2458.

4. SAME—NOTICE OF MOTION.

A notice of motion to vacate order for examination is not objectionable because it fails to point out a jurisdictional defect.

5. SAME—WAIVER OF DEFECTS.

Where the affidavit for an examination of a judgment debtor in supplementary proceedings was bad, because of failure to state a jurisdictional fact, it is not cured by the appearance and silence of the judgment debtor.

Supplementary proceedings by William W. Zelie and Josiah Zelie against Jesse O. Vroman. Motion by defendant to vacate an order for the examination before a referee of a third person. Granted.

E. E. Howe, for judgment creditors.

M. S. Wilcox, for judgment debtor.

LAMONT, J. This is a motion made by the judgment debtor to vacate the order made by me on the 11th day of December, 1897, for the examination before a referee of a third person, to wit, one William Vroman, in the above proceeding. The order is sought to be vacated on the ground that the affidavit upon which the same was obtained is defective, in that it states the residence and place of business of the judgment debtor in the disjunctive. These proceedings supplementary to an execution are authorized by chapter 17, tit. 12, commencing with section 2432 of the Code of Civil Procedure, and section 2458 declares when a judgment creditor is authorized to maintain either of the special proceedings in this article; and, among other things, "the execution must have been issued out of a court of record, and either to the sheriff of the county in which the judgment debtor has at the commencement of the special proceedings a place for the regular transaction of business in person, or, if the judgment debtor is then a resident of the state, to the sheriff of the county where he resides, or *　*　*," etc. That part of the affidavit upon which the order was obtained, and which the judgment debtor claims is defective under this section of the Code, reads as follows:

"That an execution against the property of the said Jesse O. Vroman, judgment debtor, was thereafter, and on the 19th day of January, 1897, duly issued out of a court of record, viz. the supreme court of Schoharie county, upon said judgment, and delivered to the sheriff of Schoharie county, where the said judgment debtor then resided, and where the judgment roll was filed, *then resided and yet resides, or has at the time of the commencement of these proceedings a place for the regular transaction of business in person.*"

The attorney for the judgment creditors claims that the foregoing words in italics were printed in the affidavit, and were not intended to be any part thereof, although not erased, and that the allegation in the affidavit, to wit, "where the said judgment debtor then resided, and where the judgment roll was filed," was sufficient to authorize the granting of the order. I cannot assent to this, because that allegation refers to the residence of the judgment debtor on the 19th day of Janu-

ary, 1897; and as the affidavit was made on the 6th day of December, 1897, this allegation does not show where the judgment debtor resided at the latter date, which is a necessary requirement under section 2458. Considering this affidavit as it actually appears, with these words in italics as a part thereof, it is clear to me that, as it states the residence and place of business of the judgment debtor in the disjunctive, it is fatally defective, and for which the order ought to be vacated. Arnot v. Wright (Sup.) 9 N. Y. Supp. 15; Collins v. Beebe, 54 Hun, 318–321, 7 N. Y. Supp. 442; Leonard v. Bowman (Sup.) 15 N. Y. Supp. 822.    It is a jurisdictional defect, not a mere irregularity.    People v. Cayuga Co. Judge, 5 How. Prac. 446; Hinds v. Railroad Co., 10 How. Prac. 487.    And therefore the notice of motion is not objectionable because it does not point out this defect.    Blake v. Locy, 6 How. Prac. 109.    It is claimed by the judgment creditors, although no proof was furnished to sustain the claim, that the judgment debtor appeared before the referee and made no objection to the sufficiency of the affidavit.    My idea is that whether he did or not makes no difference.    It was a jurisdictional defect, and could not be cured by the appearance and silence of the judgment debtor.    Sackett v. Newton, 10 How. Prac. 561.    The judgment debtor also, in aid of his motion, presented three affidavits, two of which are to the effect that, at the time of the commencement of these proceedings, the judgment debtor was not a resident of Schoharie county, and had no place for the transaction of business therein.    The other affidavit was to the same effect as to the third party, William Vroman.    The matters contained in these affidavits were not controverted.    I am of the opinion that said order should be vacated, with $10 costs of this motion to the moving party, the judgment debtor.    Order vacated, with $10 costs of this motion to the moving party.