## BANK OF PORT JEFFERSON v. DARLING.

(Supreme Court, Appellate Division, Second Department.   March 3, 1905.)

1. SUPPLEMENTARY PROCEEDINGS—APPOINTMENT OF RECEIVER.
    Under the express provisions of Code Civ. Proc. § 2464, a receiver in supplementary proceedings can only be appointed after an order for examination of the judgment debtor, unless a warrant has been issued in the proceedings.

2. SAME—ORDER FOR EXAMINATION OF DEBTOR.
    An order for the examination of a judgment debtor in supplementary proceedings must be based on the issue or return of an execution issued on the judgment, as prescribed by Code Civ. Proc. §§ 2435, 2441, 2458.
    [Ed. Note.—For cases in point, see vol. 21, Cent. Dig. Execution, §§ 1108, 1111.]

3. SAME—AFFIDAVIT FOR ORDER OF EXAMINATION.
    Code Civ. Proc. § 2458, in relation to appointment of a receiver in supplementary proceedings, by subdivision 1 provides that the execution must have been issued to the sheriff of the county where the judgment debtor has a place for the transaction of business in person.   Held, that an affidavit for an order of examination stating that an execution had been issued to a county where the judgment debtor had a place for the regular transaction of business, "in person or by agent, as deponent is informed and believes," was insufficient.

Appeal from Special Term, Suffolk County.

Action by the Bank of Port Jefferson against Mary A. Darling. From an order denying a motion to vacate an execution issued and returned on a judgment, the affidavit and order appointing a receiver, his bond, and proceedings supplementary to execution, defendant appeals. Proceedings subsequent to execution and return vacated.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, JENKS, and HOOKER, JJ.

Thomas J. Ritch, Jr., for appellant.
Ralph J. Hawkins, for respondent.

JENKS, J. This is an appeal from an order denying a motion to vacate an execution issued and returned on a judgment, the affidavit and order appointing a receiver, his bond, and all papers and proceedings supplementary to execution. The execution was issuable in the county of Suffolk. Section 1365, Code Civ. Proc. A receiver could be appointed only after making an order for examination, for there was no warrant issued in this action. Section 2464, Code Civ. Proc. The order for examination must be based upon the issue or return of an execution issued upon the judgment as prescribed by section 2458 of the Code of Civil Procedure. Sections 2435, 2441, Code Civ. Proc. The affidavit upon which the order for examination was based stated the recovery of a judgment in this court, duly docketed in the county of Suffolk, and the issue and delivery of an execution to the sheriff of Suffolk county, "where said judgment debtor has a place for the regular transaction of business, in person or by agent, as deponent is informed and believes." This affidavit does not meet the requirements of subdivision 1 of section 2458. The statement "or by agent, as deponent is informed and believes," makes possible the construction that the affiant does not depose in the terms of the subdivision at all, and, moreover, is an interpolation for which there seems no authority. Alternative allegations are bad. Arnot v. Wright, 55 Hun, 561, 9 N. Y. Supp. 15; Smith v. Cutter, 64 App. Div. 413, 72 N. Y. Supp. 99. This defect goes to the foundation, and is fatal. See National Bank v. Bussing, 147 N. Y. 665, 42 N. E. 345.

We think that, in view of the laches of the defendant, the execution and the return may stand, but that all other proceedings subsequent thereto must be vacated and set aside, without costs of this appeal to either party. All concur, except HOOKER, J., not voting.