## SUPREME COURT.

GEORGE P. HAZEWELL agt. JOHN E. PENMAN.

The object of the examination under proceedings supplementary to execution, (§ 294,) is either to obtain the discovery of property liable to execution, and subject it to the execution or control of a receiver; or to obtain the discovery of choses in action, and to have them collected by assignment from the defendant, or through a receiver; or by order, to be applied to the satisfaction of the judgment.

But neither the Revised Statutes nor the Code allow these or other proceedings before the court, or a judge, to be continued and prosecuted *after the death* of a sole defendant, until his representatives are brought in as parties.

If the orders, made previous to the defendant's death, have given a *lien*, that lien will probably be saved in an action to bring in the representatives.

*New-York Special Term, Nov.*, 1855.

Motion to discharge parties from examination, under supplementary proceedings. (§ 294.)

SCHELL & HUTCHINS, *for motion.*
C. N. POTTER, *opposed.*

MITCHELL, Justice. Judgment was recovered in this action in Kings county, against the defendant, on the 29th of November, 1854, and an execution was issued thereon in Kings county and returned before January 16, 1855. On the last-mentioned day, an order for Hughes, Andrews, Shepard and others, to appear before the county judge of Kings county, and answer whether they had property of the defendant, was made and served on Hughes. He did not attend, and a like order was issued and served on him and Andrews, returnable 14th May, 1855. By consent, the examination was adjourned to 22d May, and again to the 4th of June, when Andrews failed to attend: he was afterwards partially examined.

It now appears that the defendant died on the 6th of May, 1855; and Hughes swears that he has no property belonging

to the defendant or his estate, and that he is not indebted to said estate in any way.

The proceedings to examine the parties in this district were commenced in September last, after the death of the defendant.

It also appears that no order was ever taken out to compel the *plaintiff* to answer as to his property, and no injunction ever served on him—he residing and being in North Carolina.

The object of the examination under this proceeding is, either to obtain the discovery of property liable to execution, and subject it to the execution or control of a receiver, or to obtain the discovery of choses in action, and to have them collected by assignment from the defendant, or through a receiver, or by order to be applied to the satisfaction of the judgment.

A judgment-creditor's bill would abate by the death of the defendant—so far that the action could not be continued until his representatives should be made defendants. Various provisions were made in the Revised Statutes to prevent such an abatement of the suit as would require the plaintiff to begin his action anew, and to enable him to proceed in the revived action against substituted parties; and the same thing is accomplished by § 121 of the Code. But neither the Revised Statutes nor the Code allow proceedings before the court or a judge to be continued and prosecuted after the death of a sole defendant, until his representatives are brought in. If process has been delivered to an officer, like the sheriff, and he has obtained (by relation or in fact) in the lifetime of the judgment-debtor, a lien on goods by the receipt of the process, he may proceed and sell, because he acquires a special property in the goods, which the subsequent death cannot take away. But it is different where an action, or a proceeding in nature of an action, is to be prosecuted before a judge or court; there nothing can be done until the representatives of the decedent be brought in.

In this case, the inquiry is not to discover property liable to an execution, but choses in action which the execution could not touch, and which can be reached only by an actual suit, or by this proceeding, which is a substitute for a suit in equity. It was said this proceeding was ancillary to the execution. It

can be called so only when the object of it is to obtain a disclosure of property liable to execution. The language of the Code is more proper—the proceeding is *supplementary* to the execution—not a mere handmaid or assistant to the execution in its regular duties; but a further proceeding *in court* to *supply the* defects in the execution, and give further relief, which the execution could not give.

The proceeding against the debtor of the judgment-debtor is under § 294 of the Code, and must be founded upon an affidavit that the person to be cited has property of the *judgment-debtor,* or is *indebted to him;* and the judge may, in his discretion, require notice to be given to any party to the action. Then, by § 297, the judge may order any property due to the judgment-debtor to be applied towards satisfaction of the judgment, or (§ 298) may appoint a receiver of the property of the *judgment-debtor.* If the judgment-debtor is dead, the judge cannot give notice to him, although he may determine that it is not proper to examine his alleged debtor without the presence of his representatives; and he has no authority to make these representatives parties to the proceedings; he cannot then give the notice which he may deem essential to justice, and which § 294 intends he should in such case give.

The property ceases to be the property of the judgment-debtor on his death. The judge then, on such death occurring, has no jurisdiction to issue the order or to examine the persons cited, as they are not indebted to the deceased, nor to make *any order* after such examination; for he can only order the property of the *judgment-debtor* to be applied towards satisfaction of the judgment, or a receiver to be appointed of it.

Whenever such circumstances occur, that an examination cannot result in any right to make the order, for which the examination is intended, then the right to the examination ceases. The examination is not for the sake of discovery merely; it is granted only as the foundation for *relief,* to be granted by the judge ordering the examination.

If the orders made in Kings county have given a lien, that lien will probably be saved in an action; but this proceeding was

unauthorized in this district, as the defendant was dead when it was commenced; and it would have abated if he had died after it was commenced.

The parties cited are, therefore, discharged from any further examination.