MARIA LOUISA COLLINS, TRUSTEE OF THE FUNDS SET APART BY THE WILL OF ANN BLOODGOOD, DECEASED, APPELLANT, *v.* ADELINE M. BEEBE, EXECUTRIX, AND THEODORE D. JONES, AS EXECUTOR OF WELCOME R. BEEBE, DECEASED, RESPONDENTS.

*A judgment-creditor of an estate, allowed by the surrogate to issue execution, is not authorized to institute proceedings supplementary thereto.*

Where a judgment has been recovered against the executors of a decedent's estate, and an execution has been issued by the permission of the Surrogate's Court, the plaintiff in the judgment is not entitled to obtain an order for the examination of the judgment-debtor, or of any other person having property belonging to or indebted to the estate. The plaintiff, in his efforts to secure payment of the judgment, is not authorized in such case by the statute to proceed further than permitted by the order of the Surrogate's Court, and said permission does not extend to, or authorize proceedings to be instituted for, the sequestration or appropriation of the property of the estate to the payment of the judgment.

The remedy of the plaintiff in such an action, where the judgment cannot be collected under the execution, is to present the demand to the executors, and to receive from them payment thereof or the distributive share to which the plaintiff may be entitled with other creditors having similar claims.

APPEAL by the plaintiff from an order of May 20, 1889, made at the New York Special Term, and entered in the office of the clerk of the county of New York May 21, 1889, vacating an order requiring a third person to appear and submit to an examination in supplementary proceedings.

*A. M. Card*, for the appellant.

*Stephen C. Baldwin*, for the respondents.

Daniels, J.:

The plaintiff recovered a judgment against the defendants as executrix and executor of the estate of Welcome R. Beebe, deceased. An execution was permitted, by order of the surrogate of the county of New York, to be issued upon this judgment, and it was afterwards issued against the property of the testator in the possession of his executor and executrix. While the execution remained in the hands of the sheriff an order was made, upon the application of the plaintiff, directing Charles Donohue to appear before one of the justices of this court to be examined concerning his indebtedness to the testator, and as to property in his possession belonging to the estate of the testator. Upon a motion being made to vacate this order it was set aside, and from the order setting it aside this appeal has been brought. The order for the examination of Charles Donohue might very well have been vacated for the insufficiency of the affidavit upon which it was made. * * * (After a disscussion of this insufficiency in the affidavit the opinion proceeds.)

But a still more substantial obstacle stood in the way of the right of the plaintiff to examine the judgment-debtors, or any other person having property belonging or indebted to the estate. And that arose out of the fact that the defendants were sued as executors, and the judgment has been recovered against them alone in that capacity. It was not a judgment attended with the ordinary right of the plaintiff to issue an execution upon it, but its object was to secure the legal existence of a disputed demand, as that has been provided for by section 1822 of the Code of Civil Procedure. Upon the recovery of the judgment no right was vested in the plaintiff to issue an execution, or in any manner to interfere with the property of the testator's estate, but by section 1825 of this Code the surrogate was authorized, upon notice to the executors, to permit an execution to be issued upon the judgment. Such an application was made, and his consent was secured for the issuing of the execution, and so far it was a regular proceeding in behalf of the plaintiff. But neither this section of the Code, nor any other, authorized the plaintiff to proceed further than that could be done under the authority in this

manner obtained from the surrogate. The authority was to issue the execution, and in that manner to secure the payment of the judgment, if it could be so far made effectual. No authority has been provided for proceeding otherwise in the way of sequestrating or appropriating the property of the estate to the payment of the judgment. And the fact that the law has made no provision for the judgment-creditor taking proceedings upon the judgment or the execution, beyond the power to levy upon and sell the property of the estate, is a circumstance supporting the inference that it was not intended that the plaintiff should possess any additional authority beyond that which was given in this manner.

If the order for the examination of the third person was regularly obtained under section 2441 of this Code, then the examination directed to be taken by it might be followed by the appointment of a receiver under section 2464, and the money or property appropriated to the payment of the judgment, even though that might constitute the bulk of the estate and defeat the right to satisfaction of all its other creditors. But the statute relating to the estate and the payment of the debts of deceased persons has not been framed so as to permit that to be done. It has, on the contrary, provided for equality in payment of recognizances, bonds, sealed instruments, notes, bills and unliquidated demands and accounts. And it has further declared that no preference shall be given in the payment of any debt over debts of the same class. " Nor shall the commencement of a suit for the recovery of any debt, or the obtaining a judgment thereon against the executor or administrator, entitle such debt to any preference over others of the same class." (3 R. S. [6th ed.], 95, §§ [27], [28].) And this restraint would plainly be violated if the proceedings commenced by the plaintiff should be maintained. The surrogate has also been provided with jurisdiction to direct and control the conduct and settle the accounts of executors, administrators and testamentary trustees, and to enforce the payment of debts and the distribution of the estates of decedents, and to administer justice in all matters relating to their affairs. (Code Civ. Pro., § 2472.) And this jurisdiction would be interrupted and defeated if a creditor recovering a judgment against the personal representatives could proceed by supplementary proceedings and appropriate the property of the deceased to the payment of the judgment. And it has been

further provided and declared that where the validity of a debt has been established, the decree must determine to whom it is payable, the sum to be paid by reason thereof, and all other questions concerning the same. (Code Civ. Pro., § 2743.)

And this, as well as the other provisions which have been mentioned, are entirely inconsistent with the right of the creditor having a judgment against the personal representatives to proceed by supplementary proceedings, and thereby appropriate the estate of the deceased, or any part of it, to the payment of the judgment. They have created an altogether different course of proceeding which the creditor has been required to follow, where the judgment may not be capable of being collected by means of the execution which the surrogate allows to be issued, and that is to present the demand against the estate, to receive either payment or its distributive share, as it may be entitled to that with other creditors having similar rights against the estate.

The order in this case was right, and it should be affirmed, with ten dollars costs and also the disbursements.

BRADY, J., concurred.

VAN BRUNT, P. J. :

I concur with Mr. Justice DANIELS. The affidavit upon which the order was granted was wholly insufficient. The affidavit not only should not have been in the alternative, but it should have stated the facts upon which the affiant bases his allegation that the person to be examined either had property of the debtor or was indebted to him. An allegation, in the words of the statute, is wholly insufficient. Facts must be stated from which a conclusion can be drawn, not the conclusion alone.

Order affirmed, with ten dollars costs and disbursements.