(112 App. Div. 483)

JONES v. ARKENBURGH et al.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—RECEIVER—RIGHT TO PROPERTY HELD BY EXECUTOR.

Under Code Civ. Proc. § 2464, authorizing the judge at any time after the making of an order requiring the judgment debtor to attend in proceedings supplementary to execution to appoint a receiver of the property of the judgment debtor, and section 2468, providing that the property of the judgment debtor is vested in a receiver, property held by executors in their representative capacity does not vest in a receiver appointed in proceedings supplementary to an execution issued under a judgment against the executors.

Appeal from Special Term, New York County.

Action by John W. Jones, as receiver of the property of Eliza J. Arkenburgh as executrix, and another against Eliza J. Arkenburgh as executrix and another. From a judgment overruling a demurrer to the complaint, defendants appeal. Reversed, with directions to dismiss the complaint.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Charles Souther, for appellants.
Robert Little, for respondent.

INGRAHAM, J. The complaint alleges that on May 4, 1899, and March 7, 1900, Thomas J. Dunn, as sheriff of the county of New York, recovered judgments against the defendants as executors of Robert H. Arkenburgh, deceased; that such judgments were duly filed and docketed in the office of the clerk of the county of New York, where said judgment debtors then resided and still reside; that the action in which said judgments were recovered was an action in aid of an attachment, pursuant to sections 655 and 677 of the Code of Civil Procedure; that leave to issue executions upon said judgments against the property of the executors was duly granted by an order of the surrogate of Rockland county, where letters had been issued to said executors, and executions against the property of said executors were thereupon

issued to the coroners of the city of New York; that on March 9, 1905, upon the application of the judgment creditor in proceedings supplemental to execution, and by an order on that day duly made by a justice of the Supreme Court, the plaintiff was duly appointed receiver of the property of the executors; that said order was on that day duly filed with the clerk of the county of New York; that on March 9, 1905, the plaintiff gave the bond required by said order, which was duly approved by a justice of the Supreme Court, and said bond was duly filed prior to the commencement of this action; that said judgment and executions were on March 9, 1905, and now are, wholly unpaid; that on March 9, 1905, the Farmers' Loan & Trust Company, a domestic corporation, was indebted to the defendants, as executors of Robert H. Arkenburgh, deceased, in a sum of over $55,000, being the balance due upon an account for money had and received by the said defendant and on deposit for said executors; that thereafter the plaintiff commenced an action against the Farmers' Loan & Trust Company for the recovery of money in which it was indebted to said executors, and by an order of the Supreme Court these defendants, as executors of the last will and testament of Robert H. Arkenburgh, deceased, were substituted as defendants in this action in the place and stead of the Farmers' Loan & Trust Company; and that the Farmers' Loan & Trust Company was discharged from liability, either to the plaintiff or to said executors, by paying into court the amount in which it was indebted to the said executors, and by paying the same to the Trust Company of America as depositary of this court, subject to the further order or judgment of this court. Wherefore, the plaintiff asks judgment directing the said trust company to pay to the plaintiff the moneys held by it to the credit of this action. The defendants demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.

The plaintiff, as receiver in supplemental proceedings in this action, seeks to obtain possession of the property of an estate under his appointment as receiver in proceedings supplemental to execution based upon a judgment against the executors of the estate, upon the ground that when such a receiver is appointed he thus becomes vested with the property of the estate. The appointment of a receiver in proceeding supplemental to execution is provided for by section 2464 of the Code of Civil Procedure. That section authorizes the judge, at any time after making an order requiring the judgment debtor or any other person to attend and be examined, to appoint a receiver "of the property of the judgment debtor"; and section 2468 provides that the property of the judgment debtor is vested in a receiver, who has duly qualified from the time of filing the order appointing him or extending his receivership, as the case may be. It is quite evident that this provision does not apply to property held by a defendant in a representative capacity as executor, trustee, receiver, or assignee. It is the property of the judgment debtor that is vested in the receiver. The judgment debtors in this action were the executors of the estate of a decedent, and, whether sued personally or in their representative capacity, the property of the estate held by them was not the property of the judgment debtor. There is no provision in the sections of the

Code relating to proceedings supplemental to execution which authorizes the court in such a proceeding to vest in a receiver the property of the estate against which a claim is made. As was said by the Court of Appeals in Ward v. Petrie, 157 N. Y. 301, 51 N. E. 1002, 68 Am. St. Rep. 790, "This action is an excursion by a receiver into a new field." Control of the distribution of estates of decedents is vested in the surrogate, and ample power is given to the surrogate to direct payment of the claims against an estate to the legal creditors of the decedent; and if by virtue of an attachment the sheriff became entitled to receive from the executors of the estate the amount of this claim, the surrogate had authority, under section 2722 of the Code, to direct its payment. That section provides:

"In either of the following cases a petition may be presented to the Surrogate's Court, praying for a decree, directing an executor or administrator to pay the petitioner's claim, and that he be cited to show cause why such a decree should not be made: 1. By a creditor, for the payment of a debt, or of its just proportional part, at any time after six months have expired since letters were granted."

By section 2743 the surrogate has power, upon the judicial settlement of the accounts of executors of an estate, to direct the payment and distribution of any part of the estate which remains and is ready to be distributed to the creditors, legatees, next of kin, husband, or wife of the decedent, or their assigns, according to their respective rights.

If the sheriff had obtained a right to enforce a claim against the estate, he became a creditor of the estate, and could enforce his rights as creditor under these provisions. There is no allegation in the complaint as to whether the executors had accounted before the surrogate; but whatever rights the sheriff would have to enforce a claim that had vested in him by virtue of the attachment, whether by a proceeding in the Surrogate's Court or an application to a court of equity, it is apparent that the appointment of a receiver in supplemental proceedings in an action against the executors of the estate does not vest in such receiver the property of the estate, so as to distribute the estate in a proceeding supplemental to execution, instead of through the Surrogate's Court, as provided for by the Code. It is not strange that there is no authority on this point, so far as appears, as no one has ever before supposed that the court in summary proceedings could take out of the hands of executors the estate of a decedent, and divert it from the orderly administration of a decedent's estate to the payment of a claim of a judgment creditor. The sheriff was either a creditor of the estate; or he was not. If he was not a creditor, he was not entitled to have the funds of the estate applied to the payment of his claim. If he was a creditor, he was entitled to proceed as a creditor, and have his claim paid in the ordinary course of procedure by which a distribution of the estate of a decedent is provided for.

It follows that the judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs; and, as it is entirely clear that no amendment can be of any advantage to the plaintiff, final judgment is directed dismissing the complaint, with costs. All concur.