(64 Misc. Rep. 115.)

### SARTORELLI v. EZAGNI.

(Supreme Court, Special Term, New York County. July 8, 1909.)

1. EXECUTORS AND ADMINISTRATORS (§ 216*)—ATTORNEY'S SERVICES—PERSONAL LIABILITY.

An attorney's claim for legal services and disbursements in the collection of an indemnity for intestate's death is against the administratrix personally, and not against the estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 757; Dec. Dig. § 216.*]

2. EXECUTORS AND ADMINISTRATORS (§ 216*)—LEGAL SERVICES—INSOLVENCY OF ADMINISTRATRIX—LIABILITY OF ESTATE.

Where an execution on a judgment against an administratrix for legal services is returned unsatisfied, and the administratrix is insolvent, a judgment may be recovered against her in her representative capacity, to be paid from the funds of the estate.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 216.*]

3. EXECUTORS AND ADMINISTRATORS (§ 263*)—CLAIMS—JUDGMENTS—PRIORITIES.

That a judgment for attorney's services had been ordered against an administratrix does not entitle the judgment creditor to any preference over creditors owning debts against the estate of the same class not reduced to judgment, as provided by Code Civ. Proc. § 2719.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 981; Dec. Dig. § 263.*]

4. EXECUTORS AND ADMINISTRATORS (§ 454*) — JUDGMENT AGAINST ADMINISTRATRIX—EXECUTION—PERMISSION TO SUE.

Where, on the insolvency of an administratrix, her attorney obtained judgment against her in her representative capacity for services and disbursements, he was not entitled to execution thereon against the funds of the estate without first obtaining permission from the surrogate for execution to issue, as required by Code Civ. Proc. §§ 1825, 1826, providing that an execution shall not otherwise issue on a judgment against an executor or administrator in his representative capacity.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 454.*]

5. EXECUTION (§ 360*) — SUPPLEMENTARY PROCEEDINGS — JUDGMENT AGAINST ADMINISTRATRIX.

Code Civ. Proc. §§ 2432–2471, providing for proceedings supplementary to execution, are unavailable for the collection of a judgment against an administratrix in her representative capacity.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1093; Dec. Dig. § 360.*]

Supplementary proceedings of Angelius Sartorelli against Mary V. Ezagni, as administratrix of the estate of Marcus Ezagni, deceased. On motion to compel payment of money to petitioner. Denied.

_____

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Junius P. Wilson (A. M. Sartorelli, of counsel), for the motion.
Mulhall & Delaney, opposed.

GIEGERICH, J.   The plaintiff performed certain legal services and made certain disbursements in the collection of an indemnity from the Sultan of Morocco for the death of the intestate.   Such services having been performed and the disbursements having been made for the account of the administratrix, and not of the decedent, the plaintiff's claim for compensation was against the administratrix personally, and not against the estate (Parker v. Day, 155 N. Y. 383, 49 N. E. 1046), and he accordingly obtained a personal judgment against her.   The execution upon that judgment was returned unsatisfied, and the administratrix was found to be insolvent.   An action in equity was then brought against the administratrix in her representative capacity, and resulted in a judgment for the plaintiff (Ferrin v. Myrick, 41 N. Y. 315, 325), directing the defendant to pay to the plaintiff the sum therein named out of the funds of the estate of her intestate.   Execution was issued upon that judgment, and these proceedings were commenced in aid of the execution and before its return.   The surety upon the official bond of the administratrix was examined, and it appeared that a sum more than sufficient to satisfy the judgment was on deposit in a trust company in the joint names of the defendant and the surety.   A representative of the trust company was also examined, and testified to the company's possession of the fund.   An order is now sought directing the satisfaction of the judgment out of the fund.

It appears that, although the judgment in question was obtained against the administratrix in her representative capacity, execution was issued thereon without first obtaining an order of the surrogate permitting execution to issue.   The statute has very carefully regulated the manner of the enforcement of judgments against the personal representatives of decedents, with the object of preserving the equality of creditors of the same class.   Code Civ. Proc. §§ 1825, 1826.   It is necessary that proper notice be given of the application for permission to issue execution, and the surrogate then examines into the condition of the estate and authorizes an execution for the amount of the judgment, or for such part thereof as can be paid consistently with the rights of other creditors.   The fact that a judgment has been obtained against the administratrix does not entitle the judgment creditor to any preference over creditors owning debts of the same class which have not been reduced to judgment.   Code Civ. Proc. § 2719.

It is urged, however, that, as the judgment here in question was recovered for services rendered and disbursements made in the administration of the estate, it stands on a different footing, and that a compliance with sections 1825 and 1826 of the Code was not necessary. The statute makes no such distinction.   The judgment upon which the plaintiff now stands is a judgment "against an executor or administrator in his representative capacity," and so falls squarely within the language of section 1825 of the Code, which leaves no discretion in the court to determine whether the requirement therein provided shall be dispensed with in the case of judgments based upon causes of action of the present kind or of any other kind.   All judgments, however,

arising, are alike subjected to the requirements of the section mentioned, and before execution can issue against the property of the estate the other parties in interest must be heard in the court in which the estate is being administered, and the surrogate must determine what the rights of this creditor are as against the rights of other creditors, and must see that neither creditors entitled to priority, if there be any such, nor other creditors of the same class, are prejudiced by the application of the property of the estate to the satisfaction of a particular judgment. If the applicant for an order in·this proceeding conceives that he is entitled to priority over other creditors of the estate, the place provided by law for urging that claim is in the Surrogate's Court, and not here.

It seems, however, that, even if the permission of the surrogate had been obtained for the issuance of the execution, the proceedings supplementary to execution provided by·title 12 of chapter 17 of the Code of Civil Procedure would not be available. In the case of Collins v. Beebe, 54 Hun, 318, 7 N. Y. Supp. 442, it was held, upon much the same reasons as stated above, that these proceedings could not be employed in aid of an execution upon a judgment against an executor or administrator in his representative capacity. Whether or not the judgment creditor has, as he claims in his brief, an attorney's lien upon any funds of the estate, cannot be considered upon this motion, which does not purport to be based upon any such claim of lien.

The·motion must be denied, but without costs.