Matter of Supplementary Proceedings, JULIAN MULLIGAN KING, Plaintiff-Judgment Creditor, *v.* AGNES T. BURNETT, Defendant-Judgment Debtor.

(Supreme Court, New York Special Term, January, 1918.)

Supplementary proceedings — motions and orders — wills — executors and administrators — Surrogate's Court — Code Civ. Pro. § 2441.

An order in proceedings supplementary to execution may be granted for the examination of the executors of the will of the mother of the judgment debtor whose interest in her personal estate is of the value of several thousand dollars, and a motion to vacate such an order on the ground that section 2441 of the Code of Civil Procedure was not intended to apply to executors and administrators, but that the Code provisions relating to the practice in Surrogate's Court are exclusive, will be denied.

MOTION to vacate third party order in proceedings supplementary to an execution against property.

Frank L. Crocker (William M. Dederick, of counsel), for executors of the estate of Agnes S. Tailer, third parties and motion.

Duncan & Mount (Harold Milbank, of counsel), for judgment creditor, opposed.

GIEGERICH, J. This motion to vacate an order for the examination of a third party in supplementary proceedings is based chiefly upon the ground that the parties sought to be examined are executors, and that the provisions of section 2441 of the Code of Civil Procedure were not intended to apply to executors and administrators, but that the portions of the Code of Civil Procedure regulating the practice in the Surrogate's Court are exclusive, and that the plaintiff must find her remedy under those portions of the Code.

11

The facts, so far as it is necessary to state them, are as follows: On June 30, 1917, the plaintiff obtained a judgment for $12,654.85 against the defendant, and execution on such judgment has been returned unsatisfied. Subsequently the plaintiff obtained an order for the examination of Mary Tailer Livingston and Thomas Suffern Tailer, the executors of the will of Agnes Suffern Tailer, the mother of the defendant. It further appears that the interest of the defendant in the personal property of her mother's estate is of the value of several thousand dollars. The difficulty with the argument that the plaintiff is confined to the provisions of the Code relative to surrogate's practice is that there does not seem to be in those provisions any remedy afforded for a plaintiff situated as this one is, and in fact the attorney for the objecting executors does not claim that there is anything in the Surrogates' Court Act providing the procedure to be followed by a judgment creditor of a legatee. On behalf of the executors it is pointed out that under such a practice as the plaintiff has here attempted a judgment debtor, acting in collusion with a judgment creditor, might obtain information to be used as the basis of other proceedings, as, for instance, to obtain information on which to found an application in the Surrogate's Court for the removal of the executor. A sufficient reply to this suggestion is that there may be greater danger of collusion between a judgment debtor and the executors or administrators of an estate to have the settlement of the estate unnecessarily delayed and the rights of the creditor of a legatee or distributee of the estate thereby hindered and prejudiced. In support of the motion to vacate the attorney for the executors relies mainly upon two cases, *Matter of First Nat. Bank* v. *Gow,* 139 App. Div. 576, and *Collins* v. *Beebe,* 54 Hun, 318. The latter case is broadly distinguishable from the present

one because there the judgment creditor of the estate itself obtained an order for the examination of a third party concerning his indebtedness to the estate, and as to property in his possession belonging to the estate. In that case the court pointed out that, if the practice there sought to be followed should be permitted, the examining creditor might secure an advantage over other creditors, further observing that " the statute relating to the estate and the payment of the debts of deceased persons has not been framed so as to permit that to be done. It has, on the contrary, provided for equality in payment of recognizances, bonds, sealed instruments, notes, bills and unliquidated demands and accounts. And it has further declared that no preference shall be given in the payment of any debt over debts of the same class." The court, after calling attention to the fact that the surrogate has been provided with jurisdiction to direct and control the conduct and settle the accounts of executors and administrators, observed that " this jurisdiction would be interrupted and defeated if a creditor recovering a judgment against the personal representatives could proceed by supplementary proceedings and appropriate the property of the deceased to the payment of the judgment." It is manifest from the above that the *Collins* case is wholly different from the present case. There the statute did provide a remedy for the relief of the judgment creditor in the Surrogate's Court, such creditor being accorded a standing in the proceedings in that court. Here, however, it does not appear that the judgment creditor has any standing in any proceeding in the Surrogate's Court. Furthermore, the practice attempted by the judgment creditor in that case would interrupt and defeat the jurisdiction of the Surrogate's Court, while in the present case no such consequence would follow. If as a result of the informa-

tion obtained by the proposed examination the judgment creditor should decide to procure the appointment of a receiver of the property of the legatee, such receiver would, of course, simply stand in the shoes of the legatee and any proceedings taken by the receiver would have to be under the statute relating to the Surrogate's Court and could not by any possibility interfere with the practice prescribed for that court or give the judgment creditor any right that was not intended for her under that statute. The second case cited in support of the motion (*Matter of First Nat. Bank* v. *Gow, supra*) is not so fundamentally distinguishable from the present case, but is, I think, nevertheless sufficiently distinguishable. The third party sought to be examined by the judgment creditor in that case was a former partner of the judgment debtor, and the assignee of the judgment debtor's interest in the copartnership, under the provisions of which assignment the judgment debtor was to be fully restored to his rights as a member of the firm as soon as the debts of the firm and the judgment debtor's individual debts had been paid from the profits of the business. The court further held in that case that there was no necessity for the third party order since the judgment debtor had already been fully examined before a referee with respect to the copartnership dissolution agreement and the assignment of his interest in the firm and in its property to the third party, who had also been subpœnaed to appear as a witness and be examined before the referee and to produce all papers relating to the agreements between him and the judgment debtor. The fact that in the present case the judgment creditor is not seeking by a superfluous proceeding information that can be equally well obtained in another proceeding already instituted is enough in my judgment, even without the other distinguishing

facts between the two cases, to distinguish that case as a controlling authority upon the present application. The motion to vacate is therefore denied, with ten dollars costs.

Motion denied, with costs.