In the Matter of the Estate of CHARLES SCHLESINGER, Deceased.

Surrogate's Court, Bronx County, March 22, 1932.

*Samuel Marion*, for Morris Berkowitz, executor.

*Reit & Kaminsky*, for Celia Schlesinger, executrix.

*John W. Clancy*, special guardian.

HENDERSON, S. The exceptions to the referee's reports in this proceeding for the judicial settlement of the executors' account were

brought on for hearing by three separate motions which are consolidated.

The testator appointed two executors whom he also designated as the only trustees under his will. Both have qualified in each capacity. The referee has filed an original report and two supplemental reports, due to a reasonable misunderstanding of certain statements of counsel withdrawing certain claims and objections.

The following disposition is made of the exceptions: The referee surcharged the executors with the amount of salary paid to the executrix by a corporation, of which all the stock was owned by the decedent. The referee reports that this salary was paid to her for services rendered in collecting rentals of realty owned by this corporation and for looking after certain repairs to such realty. If the record title to this realty had been in the decedent, the two executors and trustees would be entitled to retain or pay five per centum of the rents collected therefrom in addition to their statutory commissions. (Surr. Ct. Act, § 285.) All the stock of the corporation is still held by the estate. It was, therefore, proper that they, as the controlling directors of the corporation, should arrange for the management of its realty and the collection of the rents, and I find that in view of the statute it was also proper for them to employ one of themselves for that purpose. It appears that the executrix was so employed. The aggregate expenditure for realty management and rent collections, including her compensation for such services, however, should not exceed such statutory percentage of the rents collected.

The entire assets of the corporation, with the exception of a garage which it owned and operated, consisted of one vacant plot of ground and six parcels of improved real estate housing 201 families and eleven stores. The rents collected during the accounting period amount to $165,860.41, and five per centum thereof is $8,293.02.

The verified supplemental schedules filed with the referee disclose that the corporation paid the aggregate sum of $8,865.45 for salaries, including that of the executrix, but excluding payments to employees working solely in the operation of the garage. An analysis of the amended account filed with the referee shows that $2,825 of that sum was paid to one of decedent's sons. The referee reports that this son rendered services to the corporation in collecting its rents and in the management of its garage, but that the greater bulk of such services was performed in the operation of the garage. Any equitable allocation of his salary between garage and collections must, therefore, bring the total payments for management of the realty below the amount which, in this case, I deem reasonable

therefor. Neither the estate nor the corporation paid for the management of the corporation or its realty, except as above noted. I, therefore, hold that the salary paid to the executrix was a reasonable and proper disbursement of the corporation and that the executors are not surchargeable with the amounts so paid to her for managing the real property. The referee's reports are modified accordingly.

All the other exceptions are overruled, and the reports, as above modified, are confirmed. Costs to the executors and allowances to the referee and the special guardian, payable out of the estate.

Proceed accordingly.