In the Matter of Supplementary Proceedings: WARD LA FRANCE TRUCK CORPORATION, Judgment Creditor, *v.* CATHERINE TOTONELLY, Judgment Debtor.*

Supreme Court, Orange County, November 15, 1935.

*Alfred E. Herz*, for the judgment creditor.

*Elmer H. Lemon*, for the judgment debtor, as administratrix, etc.

WITSCHIEF, J. The judgment creditor has recovered a judgment against the judgment debtor, and has issued a subpœna for an examination of the judgment debtor in her representative capacity as administratrix of the estate of her husband. She moves to

* Received for publication August 6, 1937.

vacate such subpœna, claiming that there is no authority for the examination of the representative of an estate in supplementary proceedings. The cases referred to in the memorandum submitted in support of the motion were cases in which the judgment had been recovered against the decedent, or the estate, so that the estate was the judgment debtor. Naturally a creditor of an estate may not maintain a supplementary proceeding; the remedies afforded the judgment creditor in that case being found in the Surrogate's Court Act. But where a judgment debtor may have an interest in an estate, there is no apparent reason why the representa ive of the estate should not be examined in the supplementary proceeding, and so it has been held. (*King* v. *Burnett*, 102 Misc. 161.) Motion to vacate subpœna denied, without costs.