In the Matter of the Application of ARTHUR SULLARD, ARTHUR SULLARD, JR., and VIRGINIA SULLARD, Life Tenant and Remaindermen under a Certain Trust Created under the Will of BENJAMIN E. SULLARD, Deceased, for an Order Directing an Advancement Out of Principal of the Trust Fund for Support, Education and Maintenance. ARTHUR B. SULLARD, SR., Life Tenant, and ARTHUR B. SULLARD, JR., and VIRGINIA SULLARD, Remaindermen, Respectively, under a Certain Trust Created under the Will of BENJAMIN E. SULLARD, Deceased, Respondents; THE YONKERS NATIONAL BANK AND TRUST COMPANY, Appellant.— Order of the Surrogate's Court of Westchester county in so far as it directs a trustee under a last will and testament to pay to the life tenant the sum of $1,000 out of the principal of the trust, the amount to be repaid out of earned income of the trust fund whenever it may be done without jeopardizing the estate or the care of the life tenant-respondent, reversed on the law, with costs to appellant, payable out of the estate, and motion denied, with ten dollars costs, payable out of the estate. The court was without power to make the order appealed from depleting the corpus of the trust fund, which cannot be alienated and is indestructible, in accordance with the expressed intent of the testator. (Pers. Prop. Law, § 15; Real Prop. Law, § 103; *Metcalfe* v. *Union Trust Co.*, 181 N. Y. 39; *Cuthbert* v. *Chauvet*, 136 id. 326; *Dale* v. *Guaranty Trust Co.*, 168 App. Div. 601; *Matter of Wentworth*, 230 N. Y. 176; *Matter of Hanna*, 155 Misc. 833; *Matter of Bendick*, 149 id. 415.) Lazansky, P. J., Young, Hagarty, Johnston and Taylor, JJ., concur.

In the Matter of Supplementary Proceedings: HENRY VILLAUME, Judgment Creditor, Respondent, v. MARY NELSON and MAX ROTHSTEIN, as Executors, etc., of JULIUS NELSON, Deceased, Judgment Debtors; MAX ROTHSTEIN, as Executor, etc., of JULIUS NELSON, Deceased, Appellant.— In supplementary proceedings under a judgment against executors in their representative capacity, order denying motion to vacate subpœna reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. In our opinion, the recent amendment to the Civil Practice Act, relating to supplementary proceedings (Laws of 1935, chap. 630), has not changed the effect of the rulings in *Collins* v. *Beebe* (54 Hun, 318) and *Jones* v. *Arkenburgh* (112 App. Div. 483) that supplementary proceedings may not be maintained against executors or administrators in their representative capacity. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur. [See *ante*, p. 757.]

MAX KALMANSON, Doing Business as GALLUP DAIRY, Appellant, v. FERGUSON MARKETS, INC., Respondent.— In this action brought in the City Court of New Rochelle to recover a balance for goods sold and delivered, order of the County Court of Westchester county reversing a judgment of the said City Court of New Rochelle in favor of the plaintiff and dismissing the complaint unanimously affirmed, with costs. No opinion. Plaintiff's appeal to this court from the judgment entered upon the remittitur of the County Court reversing the aforesaid original judgment of the City Court and dismissing the complaint dismissed, upon the ground that such an appeal does not lie. (Civ. Prac. Act, § 622; Laws of 1931, chap. 499, § 138.) Present — Lazansky, P. J., Young, Hagarty, Johnston and Taylor, JJ.