THE DANDER CORP., Judgment Creditor, *v.* JEROME CONNOR, as Administrator, etc., of FANNIE CONNOR, Deceased, Judgment Debtor.

City Court of New York, Special Term, Bronx County, November 30, 1938.

*Samuel Kaufman,* for the motion.

*Bernard Trencher,* opposed.

DONNELLY, J. Judgment was entered in the Municipal Court of the City of New York, Borough of Bronx, Second District, in favor of The Dander Corp., landlord, against Jerome Connor, as administrator of the estate of Fannie Connor, deceased, tenant, on July 25, 1938. This judgment is against the estate. Thereafter, a subpœna in proceedings supplementary to said judgment was issued by the judgment creditor's attorney and served upon the said Jerome Connor for his examination in said proceedings on said judgment. The pending motion is to vacate said subpœna.

Supplementary proceedings will not lie against an executor or administrator upon a judgment recovered against him in his representative capacity, since thereby one judgment creditor could obtain a preference over other creditors of the estate, which is not allowed. (Kreidler, Garnishee Execution and Supplementary Proceedings, 101, citing *Collins* v. *Beebe,* 54 Hun, 318; *Sartorelli* v. *Ezagni,* 64 Misc. 115.) In *Collins* v. *Beebe (supra)* it was held that where a judgment has been recovered against the executors of a decedent's estate, and an execution has been issued by the permission of the Surrogate's Court, the plaintiff in the judgment is not entitled to obtain an order for the examination of the judgment debtor or of any other person having property belonging to or indebted to the estate; the remedy of the plaintiff in such an action, where the judgment cannot be collected under the execution, is

to present the demand to the executors, and to receive from them payment thereof or the distributive share to which plaintiff may be entitled with other creditors having similar claims. In *Villaume* v. *Nelson* (247 App. Div. 761) an order denying motion to vacate subpœna was reversed, upon the law, and motion granted, the court saying: " In our opinion, the recent amendment to the Civil Practice Act, relating to supplementary proceedings (Laws of 1935, chap. 630), has not changed the effect of the rulings in *Collins* v. *Beebe* (54 Hun, 318) and *Jones* v. *Arkenburgh* (112 App. Div. 483) that supplementary proceedings may not be maintained against executors or administrators in their representative capacity." *Ward La France Truck Corp.* v. *Totonelly* (164 Misc. 291), cited by judgment debtor's attorney, has no application. In the case just cited the judgment was against an individual personally; her examination was permitted, apparently because the judgment debtor was shown to have an interest in the estate. At bar, it is not claimed that Jerome Connor has any interest in the estate of which he is the administrator; it is undisputed that the judgment is against him in his representative capacity, for rent due by the deceased Fannie Connor.

Motion granted.