In the Matter of the Estate of GEORGE T. BERNARD, Deceased.

Surrogate's Court, Bronx County, December 18, 1941.

*Hortsmann & Kozinn* [*Joseph J. Kozinn* of counsel], for the President and Directors of the Manhattan Company, as administrator *de bonis non.*

*Karelsen & Karelsen* [*John T. McNally, Jr.,* of counsel], for Eva Neiman, The Bronx Shore Park Development Company, Inc., and the June Development Co., Inc., claimants.

*Grant & Wefer* [*Floyd M. Grant* of counsel], for Helen R. Roberts, claimant.

*Fertig, Walter & Gottesman* [*Samuel Gottesman* of counsel], for the Century Indemnity Company, surety.

HENDERSON, S. The President and Directors of the Manhattan Company, as administrator *de bonis non,* move to modify the referee's final report as to four matters, and to confirm the report in all other respects.

Heretofore an amended motion addressed to the interim report of the referee and a motion upon his supplemental interim report were determined by my decision of April 5, 1941 (*Matter of Bernard,* 176 Misc. 132), and the order made and entered thereon on April 23, 1941.

The objections to portions of the current report are numbered from 2 to 5, inclusive, in the notice of motion, and are determined as follows:

2. The referee allowed a claim upon the decedent's guaranty of payment of a bond secured by a mortgage on realty, executed by a corporation wholly owned by the decedent. Subsequent to the decedent's death, the claimant acquired the mortgaged realty and obtained a deficiency judgment against the corporation, under the provisions of pertinent emergency statutes, in an action to foreclose the mortgage. No personal jurisdiction of the estate had been acquired in that action. The referee allowed the claim in the same amount as the judgment by permitting the estate to offset the value of the mortgaged realty, less prior liens, against the total obligation. That allowance has been confirmed by the order above noted. The accountant now urges that the present report be modified so as to direct the claimant to surrender to it her judgment against the corporation, or, in default of such surrender, to disallow and strike out the claim heretofore allowed her. It bases its contention upon the last paragraph of section 212 of the Surrogate's Court Act, added this year to that section, effective September 1, 1941 (Laws of 1941, chap. 425), and reading as follows: " Dividends payable to secured creditors in insolvent estates shall be computed only upon the difference between the face amount of the claim without security and the value of the security itself as of a date to be determined by the surrogate for the fixation of the rights of creditors, unless the creditor shall surrender his security to the fiduciary in which event the dividend upon such claim when established as valid shall be computed on the full face amount thereof."

The Surrogates' Association recommended this legislation to change the pertinent prior rule of law restated by me in *Matter of Kearns* (139 Misc. 877, 879) which was followed by the late Surrogate SLATER in *Matter of Cooke* (147 Misc. 528, 536). The sole purpose of such enactment was to provide for the desired change by statute. (See note to bill enacted as Laws of 1941, chap. 425.) There was no intent to alter the sense of the term " secured creditors " from the generally accepted meaning of " creditors holding collateral security for debts." The administrator *de bonis non* argues that the claimant is a secured creditor and has a security by reason of the docketing of her judgment. If jurisdiction of the estate had been obtained *in personam* as well as *in rem*, the judgment would have established the amount of the claim against the estate, but would not have secured the claimant. The judgment is not a security nor does it secure the creditor. It was obtained

by deducting the value of the mortgaged realty from the total obligation. The security for the original indebtedness, as between the mortgagor, its guarantor and the claimant, was the mortgaged real estate. (*Matter of New York Title & Mortgage Co.*, 251 App. Div. 415, 421; revd. on other grounds, 277 N. Y. 66.) The claimant has lawfully reduced to possession the mortgaged realty. Her position is the same as if she had sold her security and the value of the acquired realty was the proceeds of such sale. The referee has performed the mathematical operation enjoined by the above-quoted statute in his application of the pertinent emergency statute (Civ. Prac. Act, § 1083-b) to this claim based on the decedent's guaranty of a bond secured solely by a mortgage on realty. In addition to the realty so acquired, the claimant is entitled to estate dividends computed upon the allowed amount of her claim. (See *Matter of New York Title & Mortgage Co, supra.*) In this respect the report will not be disturbed and the motion is denied.

In view of my conclusion, it is not necessary to determine whether or not the estate is insolvent and whether or not the quoted statute is retroactive.

3. This requested modification is based upon facts exactly similar to those hereinabove noted in discussing item 2, and for like reason the motion is also denied in this respect.

4. The referee states that the requested corrections of the two amounts set forth in paragraph " 18 " of his report should be made as each amount is manifestly erroneous. His report is modified accordingly.

5. In the computation of its regular or normal commissions the administrator *de bonis non* is entitled to include the gross rents collected by or for it from estate realty, even though there be no net rents (*Matter of Schinasi*, 277 N. Y. 252; *Matter of Kimber*, 172 Misc. 991, 996), and from realty owned by corporations wholly owned by the estate. (See *Matter of Schlesinger*, 143 Misc. 275.) The five per centum of the collected rents, which has been paid to a real estate managing agent, is compensation allowable by statute for management of realty in addition to the regular or normal commissions. (Surr. Ct. Act, § 285; *Matter of Schinasi, supra.*) The report is modified accordingly.

The request for modification relating to a corporation of which the decedent owned only half, first appeared in the administrator's brief. However, it is denied on the merits.

The report is confirmed in all respects other than those hereinabove expressly modified.

Settle decree in accordance with this decision and my prior decision herein.