In the Matter of the Estate of CHARLES H. CAMPBELL, Deceased.

Surrogate's Court, New York County, June 10, 1943.

*Nathan Messinger* for Helen O. Nelson, for motion.

*George Gordon Battle* and *Thomas Stokes* for Johnsie B. Burnham, as administratrix *d.b.n.,* opposed.

DELEHANTY, S. By a decree of this court direction was made for refund to the estate of deceased by persons who had received estate assets held to be deliverable to the estate representative. One of the persons so indebted to the estate maintained an office in which he employed a secretary who presumably had and has information concerning the resources of the judgment debtor. Payment not having been made under the decree of this court a proceeding was initiated pursuant to the applicable provisions of the Civil Practice Act to require the attendance of the secretary of the judgment debtor as a witness. The purpose was to compel her to disclose her knowledge respecting the assets of the judgment debtor available to satisfy the decree. From the papers before the court it is reasonable to assume that the intended witness deliberately avoided service of the order requiring her attendance. She was served in fact on May 12, 1943, with an order which required her to attend on May 21, 1943. On the morning of May 12, 1943, and prior to the service of the order on the witness, the judgment debtor was found dead. The witness now moves to vacate the order for her examination. The judgment creditor insists upon the right to proceed with the examination of the witness.

The statutes of the State prescribe the manner of administration of the estates of deceased persons. The prescriptions of these statutes are comprehensive and exclusive. Now that the judgment debtor is dead the sole authority for the collection of his assets resides in his executor if he died testate or resides in the courts having power to appoint an administrator of his estate. It is not consistent with the statutory plan for the administration of the estates of deceased persons that individual creditors may conduct inquiries such as the one contemplated by the order sought to be vacated. This is true even though the court may agree with counsel for the creditor that an early development of the facts and an early disclosure of the deceased judgment debtor's resources will be of aid in the administration of his estate. It is necessary to concentrate such administration in the hands of an estate representative and not to permit inquiries by others which might be as numerous as the number of judgment creditors of a deceased.

This judgment creditor may apply in the county where the judgment debtor resided and ask to have an administrator of his estate appointed. That court will make inquiry as to the existence of a will of deceased and will take proper steps to determine the validity of any purported will and, in the absence of a valid testament, will appoint an administrator. The

executor to whom letters are issued or the administrator appointed by the court will have the power and will be under the duty to make inquiry as to the deceased judgment debtor's assets. The discovery process is available for the making of such inquiry. If the estate representative fails to act, the creditor may bring on an application for an order compelling the institution of such an inquiry. Negligence on the part of the estate representative will of course expose him to the possibility of surcharge. These remedies of the creditor must be held to be the substitute for any proceedings supplementary to a judgment obtained in deceased's lifetime. As was said in *Jones* v. *Arkenburgh* (112 App. Div. 483, 486): "If he was a creditor, he was entitled to proceed as a creditor and have his claim paid in the ordinary course of procedure by which a distribution of the estate of a decedent is provided for." To the same effect see *Hazewell* v. *Penman* (13 How. Pr. 114) and *Matter of Cohen* (173 Misc. 835).

Submit, on notice, order vacating the order for examination of the witness.