Walter R. Hart, J.
This is an application brought pursuant to section 794 of the Civil Practice Act for an order directing Rose Mitchnik, as executrix of the estate of Nahum Fieldman, deceased, to pay to the judgment creditors herein out of the debt owed by such executrix to the judgment debtor, Harry Schneiderman, the amount of the judgment heretofore obtained by the judgment creditors against the judgment debtor.
On February 14, 1949 a judgment in the sum of $7,456.71 was filed in the office of the Clerk of the County of New York, and thereafter execution was issued against the property of the *215 judgment debtor. On December 6, 1956 an order was made herein directing Rose Mitchnik as the executrix of the estate of Nahum Fieldman to appear to be examined in supplementary proceedings, and from the examination it appears that the judgment debtor acted as attorney for the said Rose Mitchnik in connection with the estate of Nahum Fieldman. The judgment creditors allege that the executrix is indebted to the judgment debtor for services rendered as attorney and that an application has been made by the judgment debtor for the fixation of his fees.
The executrix opposes the application upon the ground that she disputes the liability of the estate to the judgment debtor for compensation and also asserts that since the present proceeding is supplementary to an execution for which no leave has been obtained from the Surrogate, the application should be denied under section 151 of the Decedent Estate Law. The judgment debtor also objects to the application upon the ground that there has been no determination of the amount of moneys owed him by the estate and further, that he has made a general assignment in favor of his uncle, Philip Schneiderman, for a valuable consideration.
The pertinent authorities indicate that an order under section 794 of the Civil Practice Act will not be granted if an issue of fact appears from the affidavits with respect to whether any money is owed by the third party to the judgment debtor (Kenny v. South Shore Natural Gas & Fuel Co., 201 N. Y. 89; Bank of United States v. Canal Securities Corp., 250 App. Div. 505).
The law also seems clear that supplementary proceedings are not available to the judgment creditors herein, particularly in view of the fact that permission of the Surrogate has not been obtained in accordance with the provisions of section 151 of the Decedent Estate Law. (Collins v. Beebe, 54 Hun 318; Sartorelli v. Ezagni, 64 Misc. 115.) The judgment creditors’ application is denied, without prejudice to such other and further proceedings of which the judgment creditor may be advised including the institution of a plenary suit under the Debtor and Creditor Law. Settle order on notice.