S. Samuel Di Falco, S.
In this proceeding for the judicial settlement of an intermediate account a request has been made for the construction of paragraph second C of the will of the testatrix which reads as follows: “ I direct the sum of Fifteen Hundred ($1500) dollars to be spent annually on account and in behalf of my Niece, Mrs. mary Adelaide tombo (wife of Rudolf Tombo, Jr.) who is now an inmate of St. Vincent’s Retreat, Harrison, New York, during the continuance of her natural life and that sufficient of the principal of my estate be set apart as a separate trust to provide such annuity from, the income thereof. The object or purpose of this bequest is to provide a sum of money to meet pay the expenses, &c. of her confinement in the above institution or a similar institution and to provide her with all necessary comforts and conveniences, care and attention, while so confined. ’ ’
Two questions have been raised. 1. Can the principal of the trust fund be invaded to make up the disparity between the actual annual income and the annuity bequest of $1,500 annually? 2. Can the principal of the trust fund be invaded without limitation to the sum of $1,500 per annum to provide the sum of money necessary to maintain the'incompetent at the institution as indicated by the second sentence of the trust paragraph?
*158 The testatrix herein died on March 28, 1911 leaving a will dated March 4, 1911. At that time her niece, the beneficiary of this trust, had been confined to St. Vincent’s Hospital for two' years.
It can be clearly seen from a reading of the paragraph sought to be construed that it was the intention of the testatrix to create a life annuity of $1,500 per annum for the benefit of her unfortunate niece. The courts have consistently held that when by the terms of the will a life annuity has been created and the income of the trust is not sufficient to produce such annual amount, the principal of the trust may be invaded to make up the difference between the actual income and the amount bequeathed annually. (Matter of Kidd, 142 Misc. 512; Pierrepont v. Edwards, 25 N. Y. 128; Matter of Sidenberg, 147 Misc. 742; Matter of Weir, 172 Misc. 74; Matter of Green, 271 App. Div. 171.)
As to the second question raised, I find that the principal of the trust cannot be invaded for any amount beyond the $1,500 bequeathed annually by the testatrix. While I sympathize with the object of a ruling to the contrary which is sought by the special guardian and even though: the remainderman herself seems to consent to such a construction, this court cannot by its ruling change the terms of the will or destroy the testamentary provision. (Matter of Sullard, 247 App. Div. 761; Matter of Wentworth, 230 N. Y. 176.)
Submit decree on notice settling the account accordingly.