A. Franklin Mahoney, S.
This proceeding was initiated by the issuance of a show cause order dated June 9,1965, directed to Donald M. Borth, attorney for a judgment creditor wherein the relief sought on behalf of the administratrix of the estate of John J. Casey, Jr., is to vacate and set aside a certain restraining notice issued by the attorney for the judgment creditor pursuant to CPLR 5222. On the return date of the show cause order attorney Borth filed an affidavit in opposition to the demanded relief wherein he alleges that this court is without authority to set aside and vacate the restraining notice which is an enforcement procedure of a Supreme Court default judgment. Said judgment was entered June 7, 1965.
In my view, this court has such authority. Normally, the relief sought herein would be'moved for under the provisions of CPLR 5240. However, when the judgment has been obtained against the debtor’s representative, the enforcement of the same, thereafter, is, in my view, subject to the discretion of the Surrogate’s Court which has issued letters testamentary or letters of administration upon the estate of the judgment debtor. CPLR 5208 prohibits enforcement of money judgments after the death of judgment debtor without leave of the Surrogate’s Court which granted letters testamentary or letters of administration upon the estate. In the instant case the action was against the administratrix and thereby subsequent to the issuance of letters of administration. Certainly, if the law envisions the inappropriateness of permitting the mechanics of enforcement procedures to take effect against the property of a decedent where the judgment which is the genesis of the execution was obtained prior to decedent’s death, no greater *777 relief should he afforded to a creditor whose judgment was obtained against the representative of the decedent’s estate. That such is the case is evident by the provisions of section 212-a of the Surrogate’s Court Act which provides that leave to issue executions against a decedent’s real property must be obtained by a decree of the Surrogate’s Court having jurisdiction over the estate. I, therefore, hold that it is within the power of this court to modify or vacate any enforcement procedures based upon judgments obtained in other courts where those procedures directly affect the assets of an estate over which this court has jurisdiction.
Accordingly, the restraining notice issued by attorney Borth on behalf of his judgment creditor against the estate bank account in the Emerson National Bank of Warrensburg, New York, is vacated as contrary to the provisions of subdivision 4 of section 212 of the Surrogate’s Court Act. Not to vacate the said notice would be tantamount to granting to the judgment creditor a preference. (Matter of Squadrito, 26 Misc 2d 978, 979; Matter of Nelson, 63 Misc. 627, 632; Matter of Bernard, 177 Misc. 712; Schmitz v. Langhaar, 88 N. Y. 503; 12 Carmody-Wait, New York Practice, p. 153.)
Since, as is set forth in the affidavit of the attorney for the administratrix submitted in support of the show cause order issued herein, the estate debts exceed the probable value of its assets, the judgment creditor must stand with other general creditors of the estate and either be paid in full or pro rata.
The allegations of the judgment creditor that the administratrix has continued to operate the business owned by the decedent and, further, has expended large sums on improvements of decedent’s property as well as drawing funds for her personal use from the said business are, in my view, at this juncture, not germane to the issue raised by the show cause order and affidavit in opposition.