Otto C. Jaeger, S.
This is a motion by the executor to vacate a restraining notice served upon him as judgment debtor pursuant to CPLR 5222. The judgment was entered in the City Court of the City of New York, County of New York, against the executor in his representative capacity.
*545 CPLR 5222 provides that a judgment debtor served with a restraining notice ‘ ‘ is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest ”.
Where, as here, an executor is the judgment debtor in his representative capacity, the estate property held by him is not the property of the judgment debtor (Jones v. Arkenburgh, 112 App. Div. 483; Matter of Cohen, 173 Misc. 835; Dander Corp. v. Connor, 169 Misc. 686). It cannot be said, therefore, that the executor has any interest in the property within the meaning of the statute. He may, of course, have an individual interest in the estate, but his interest in such case would not be an interest of the judgment debtor.
Since the executor in his representative capacity has no restrainable interest in estate assets, the notice served upon him as judgment debtor is improper and should be vacated. This court has power to grant such relief, since the procedure followed by the judgment creditor constitutes an unauthorized interference with the assets and administration of an estate over which this court has jurisdiction (Matter of Casey, 46 Misc 2d 776).
If the respondent wishes to compel the executor to account he should proceed in accordance with SCPA 2205, 2206. The court will not direct an accounting on the basis of the request in the answering affidavit. Motion granted.